PEOPLE v. BELL

OPINION OF THE COURT

1. APPEAL AND ERROR—PRESERVING QUESTION—MISCARRIAGE OF JUS-
TICE—DISCRETION.

An appellate court generally will not consider issues not objected
to or raised in the trial court, but may in its discretion consider
such issues to prevent manifest injustice.

2. APPEAL AND ERROR—JURY INSTRUCTIONS—PRESERVING QUESTION—
REVIEW—QUESTION NOT REACHED.

Issue whether proper objection was made by defense counsel to
a jury instruction and whether objection was necessary to save
the question for appellate review, contained in order of remand
from the Supreme Court, is not reached by the Court of Appeals
where the merits of the jury instruction claimed to be erroneous
were considered initially by the Court of Appeals.

CONCURRING OPINION

LEVIN, P, J.

3. APPEAL AND ERROR—HOMICIDE—SELF-DEFENSE—JURY INSTRUC-
TIONS—PRESERVING QUESTION.

*An appellate court is obliged in a homicide case to consider alleged
error in jury instructions regarding self-defense where the issue
was self-defense, even though defense counsel did not object
to the instruction at trial.*

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J.  Submitted Division 1 May 8, 1968,
at Detroit.  (Docket No. 3,872.)  Decided October 1,
1969.

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 545.
[2]  4 Am Jur 2d, Appeal and Error § 501.
[3]  5 Am Jur 2d, Appeal and Error § 549.

Robert Bell was convicted of second-degree murder. Defendant appealed. Affirmed. 14 Mich App 80. Defendant applied for leave to appeal to Supreme Court, which remanded the case to the Court of Appeals for consideration of another issue. 382 Mich 751. Conviction again affirmed by Court of Appeals.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Price & Segesta,* for defendant.

Before: LEVIN, P. J., and R. B. BURNS and DALTON,* JJ.

R. B. BURNS, J. This case was previously reported in 14 Mich App 80. Defendant's delayed application for leave to appeal to the Supreme Court was considered by that Court and the case was remanded to the Court of Appeals "for reconsideration of the decision of that Court in 14 Mich App 80, of an issue not raised or discussed by the parties or by the Court of Appeals as to whether any proper objection was made by defense counsel to the claimed erroneous jury instruction and whether such an objection was necessary to save such issue for appellate review."[1]

At the conclusion of the instructions in the trial court counsel was asked, "Now, gentlemen, is there anything further?" Both counsel replied, "No, your Honor."

GCR 516.2 states:

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] *People v. Bell* (1969), 382 Mich 751.

"Objections. No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires."

The general rule in Michigan is to the effect that an appellate court will not consider issues not objected to or raised in the trial court. Defendant did not raise a proper objection to the claimed erroneous jury instruction. However, there is a line of cases starting with *People* v. *Murray* (1888), 72 Mich 10, through *Hunt* v. *Deming* (1965), 375 Mich 581, which have held that an appellate court may in its discretion consider issues not objected to in the trial court to prevent manifest injustice. The panel assigned to this case was not in unanimous agreement as to the effect of the alleged erroneous instruction. Therefore, it exercised its discretion and considered the issue on its merits.

We have reviewed our decision in 14 Mich App 80, and are of the opinion that we did not abuse our discretion but considered the case on its merits.

Dalton, J., concurred.

Levin, P. J., (*concurring*). I concluded my dissenting opinion previously filed in this case with the following statement:

"The trial judge's charge was erroneous and misleading on an essential issue in the case[4] and a new trial should be ordered.

* * *

"[4] See *People* v. *Liggett* (1967), 378 Mich 706, 714; *People* v. *Guillett* (1955), 342 Mich 1, 7. See, also, *People* v. *Keys* (1968), 9 Mich App 482, 498–501."

I am still of the opinion that we were obliged to consider the alleged instructional error even though the issue was not preserved at the trial level and, therefore, I am unable to sign the majority opinion

which states that we reached the meritorious question in the exercise of our discretion.

In the factual context of this case, the essential issue was self-defense. There was no other issue. The defendant admitted that he had killed the victim. The only question was whether the defendant acted with justification. In my view the trial judge had the nondelegable duty to charge correctly on that essential issue even though the charge was not objected to upon its conclusion. The principle applicable is the same principle that requires a trial judge correctly to charge on the essential ingredients of the people's case. The essence of the case must go to the jury correctly. For an elaboration of my views as applied to the defense of self-defense, see *People* v. *Keys* (1968), 9 Mich App 482 (LEVIN, J., *dissenting*); cf. *People* v. *Bowen* (1968), 10 Mich App 1, 18–20 (concerning the judge's duty to charge correctly regarding the essential elements of the charged offense).