PEOPLE *v.* NEUMANN

1. CRIMINAL LAW—DEFENSES—INSANITY—BURDEN OF PROOF.
    The people must prove beyond a reasonable doubt that the
    defendant was sane when the defendant has introduced any
    evidence of insanity at the time of the offense.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—PROPER AND IMPROPER
    INSTRUCTIONS.
    Reversible error occurs when some of the court's instructions to
    the jury are proper and some are improper because the jury
    is presumed to have followed the erroneous charges unless the
    court repudiates them.

3. TRIAL—INSTRUCTIONS TO JURY—PRESERVING QUESTION—TIMELY
    OBJECTION—MANIFEST INJUSTICE.
    Failure to timely object to the court's instructions to the jury
    usually does not preserve the issue for appeal; however, where
    the error works a manifest injustice the lack of timely objec-
    tion will not bar review.

4. TRIAL—INSTRUCTIONS TO JURY—ERRONEOUS INSTRUCTIONS—MANI-
    FEST INJUSTICE.
    An error in the court's instructions to the jury does not usually
    occasion manifest injustice unless the incorrect instruction per-
    tains to a basic and controlling issue in the case.

Appeal from Genesee, Elza H. Papp, J. Sub-
mitted Division 2 June 10, 1971, at Lansing. (Docket
No. 9580.) Decided July 26, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 52.
[2] 5 Am Jur 2d, Appeal and Error § 890.
[3] 5 Am Jur 2d, Appeal and Error § 891.
[4] 5 Am Jur 2d, Appeal and Error § 815.

Frank Neumann was convicted of manslaughter. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *James Dillard,* Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and DAN-HOF, JJ.

LESINSKI, C. J. Defendant was originally charged with the second-degree murder of his wife and was convicted of manslaughter by a jury in the subsequent trial. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549); MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). Defendant appeals to this Court by leave granted.

Defendant interposed an insanity defense at trial and presently assigns as error two instructions. The trial court instructed the jury four times as to the burden of proof when an insanity defense is presented. Two of the charges are essentially correct. However, the trial court charged as follows:

"Since sanity is the normal state of humanity, it is presumed that the accused was sane until that presumption is overcome by evidence. The proof of insanity at the time of committing the act is to be as clear and satisfactory, in order to acquit the defendant on grounds of insanity, as proof of committing the act ought to be in order to find a sane man guilty. The proof, in other words, is equal. Where it is admitted or clearly proved that the defendant committed the act but he has insisted that he was

insane, and the evidence leaves the question of insanity in doubt, you are to find against the defendant, Mr. Neumann; that is, that he was sane."

At another instance in the charge, the trial court instructed the jury with almost identical language:

"Since sanity is the normal state of humanity, it is presumed that the accused or the defendant was sane until that presumption is overcome by evidence. The proof of insanity at the time of committing the act is to be clear and satisfying in order to acquit the defendant on grounds of insanity, just as proof of committing the act ought to be in order to find a sane man guilty. Where it is admitted or clearly proved that the defendant committed the act, but it is insisted that he was insane, and the evidence leaves the question of insanity in doubt, you are to find against the defendant, that is, that he was sane."

It is our opinion that the quoted charges erroneously conveyed to the jury the impression that defendant must establish his defense beyond a reasonable doubt. Such is not the law. When a defendant introduces any evidence of insanity at the time of the offense, the people must prove beyond a reasonable doubt that defendant was sane when he committed a crime, just as they must prove every other element of the crime. *People* v. *Garbutt* (1868), 17 Mich 9; *People* v. *Eggleston* (1915), 186 Mich 510; *People* v. *Krugman* (1966), 377 Mich 559; *People* v. *Geiger* (1968), 10 Mich App 339. See, also, *People* v. *Woody* (1968), 380 Mich 332.

The prosecution on appeal concedes the charges to be erroneous, but maintains that the error is not reversible since the instruction as a whole contained instructions which correctly state the law and thus the error was cured. However, when several instructions are imparted to the jury, some proper and some incorrect, the jury is presumed to have

followed the erroneous, absent repudiation of the questionable charges by the court. *People* v. *Eggleston, supra; People* v. *Burkard* (1967), 374 Mich 430.

Furthermore, the people point out that defendant failed to register timely objection to the charges and, as such, the error may not be said to have been preserved. GCR 1963, 516.2; *People* v. *Jefferson* (1969), 18 Mich App 9. An exception to this general principle has been carved out, however, when injection of the error works a "manifest injustice". *Hunt* v. *Deming* (1965), 375 Mich 581; *People* v. *Leonard E. Smith* (1968), 15 Mich App 173; *People* v. *Bell* (1969), 19 Mich App 257. Usually, instructional error will not occasion such "manifest injustice" unless the incorrect instruction pertains to a basic and controlling issue in the case. In the case at bar, the erroneous charges dealt with the burden of proof with respect to insanity. Any misstatement of the law on this point would be directed to the very essence of the case.

Reversed and remanded.

All concurred.