PEOPLE v. SCHAFER

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—PROSECUTION THEORY.
   It is reversible error for a court to instruct the jury on a theory
   for the prosecution where there is no evidence tending to
   establish the theory.

2. HOMICIDE—MURDER—ACCIDENT.
   An intent to kill coupled with an accidental death cannot
   constitute either first- or second-degree murder.

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J.   Submitted Division 1 June 8, 1971,
at Detroit.   (Docket No. 4025.)   Decided October
19, 1971.

Hobart Schafer was convicted of manslaughter.
Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A.
Pentolino,* Assistant Prosecuting Attorney, for the
people.

*Joseph W. Louisell, P. C. (Carl Ziemba,* of coun-
sel), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 627.
[2] 40 Am Jur 2d, Homicide § 112.

Before: LEVIN, P. J., and QUINN and V. J. BREN-
NAN, JJ.

V. J. BRENNAN, J.   Defendant was charged with
first-degree murder, MCLA § 750.316 (Stat Ann 1954
Rev § 28.548).   He pled not guilty to that charge and
was tried by a jury which returned a verdict of guilty
of manslaughter, MCLA § 750.321 (Stat Ann 1954
Rev § 28.553.   Following his manslaughter convic-
tion, defendant was sentenced to serve a term of
7 to 15 years.

The deceased, Ronald Ardelean, was found by the
police dead behind the wheel of his automobile.   The
right-hand door of the automobile was open, and
the deceased was clutching a partially filled bottle of
beer.   The deceased was 23 years of age.   Cause of
death was a shotgun wound to the right side of his
neck near the front; the gun was fired from close
range, and the charge entered at the neck and
travelled downward and slightly backward.   Defend-
ant never denied that he had a shotgun when he went
to the deceased's car nor that his gun fired the fatal
shot.   Defendant did testify, however, that while he
was sternly admonishing the deceased not to pay
any attention to his young daughter, deceased told
appellant not to point the gun at him, or "I'll come
up there and stick it up your ass"; deceased then
made a motion toward the gun.   At this point de-
fendant jumped back and the gun went off.   Defend-
ant's theory at trial was that the gun discharged
accidentally and he denied that he intended to take
the life of the deceased.

Defendant appeals, alleging error in the trial
judge's charge to the jury.   Of the alleged errors to
which proper objection was made below, we consider
only two.

First, defendant argues that the following portion of the charge discusses an issue raised by neither party:

"I must instruct you that under the laws of Michigan, a man is not justified in taking the life of another for the protection of the chastity or honor of a female relative unless that constitutes an assault such as rape, a forceful attack, and if it appears that the action of the female involved was voluntary on her part, then there could be no defense of self-defense arising therefrom."

The defendant is correct. The prosecution did not contend that the defendant shot the decedent in order to protect his daughter's chastity, nor did the defense raise that issue as justification.

"A court should refuse to give instructions upon a theory of defense where there is no evidence tending to establish it. *People* v. *Knox* (1961), 364 Mich 620; *People* v. *Chivas* (1948), 322 Mich 384. By virtue of the same reasoning it is reversible error for the court to give instructions upon a theory for the prosecution which is unsupported by the evidence. See *People* v. *Goodrode* (1903), 132 Mich 542." *People* v. *Ware* (1968), 12 Mich App 512, 516.

Second, we also find merit in the defendant's argument that the following charge was erroneous:

"But it is also true that if the defendant, at the time of the shooting, had an intent at that time, at that particular moment, to kill the deceased, then the fact that the discharge was accidental would not be of great materiality because it goes to the question what was the intention of the defendant at that particular moment which is important in the case."

This charge is erroneous. A criminal intent, coupled with an accidental occurrence, cannot constitute either first- or second-degree murder.

"Homicide, the killing of one human being by another, may be innocent or criminal. There are two categories of innocent homicide; they are called justifiable homicide and excusable homicide. Homicide is 'justifiable' if it is authorized (*e.g.,* self-defense) or commanded (*e.g.,* execution of a death sentence) by law. Homicide is 'excusable' if the death is the result of an accident and the actor was not criminally negligent." *People* v. *Morrin* (1971), 31 Mich App 301, 310.

The fact that the judge gave a more suitable charge on this point elsewhere is irrelevant.

"[W]hen several instructions are imparted to the jury, some proper and some incorrect, the jury is presumed to have followed the erroneous, absent repudiation of the questionable charges by the court. *People* v. *Eggleston* [(1915), 186 Mich 510]; *People* v. *Burkard* (1967), 374 Mich 430." *People* v. *Neumann* (1971), 35 Mich App 193.

In view of our resolution of these two issues, we do not consider defendant's other allegations of error.

Reversed and remanded.

All concurred.