PEOPLE v GILBERT JOHNSON

1. CRIMINAL LAW—WITNESSES—NONEXPERT WITNESSES—INSANITY.

   A nonexpert witness who has had ample means to observe and
   form conclusions as to the mental condition of a person and
   who testifies to pertinent facts on which his conclusions are
   based may state his conclusions as to the insanity of a person.

2. CRIMINAL LAW—WITNESSES—NONEXPERT WITNESSES—INSANITY.

   Exclusion of a nonexpert witness's opinion on a defendant's
   sanity was error where sufficient facts and circumstances were
   established to indicate that the witness could form a conclusion
   as to the defendant's mental condition, and where the insanity
   defense was the crux of the defendant's case.

3. CRIMINAL LAW—DEFENSES—INSANITY—BURDEN OF PROOF—IN-
   STRUCTIONS TO JURY—CONFLICTING INSTRUCTIONS.

   An instruction to a jury stating that the prosecution must prove
   the sanity of a defendant by a "fair preponderance of the
   evidence" was reversible error even though the objectionable
   language was preceded by a *single* correct instruction, because
   the jury is presumed to have followed the erroneous instruc-
   tion.

Appeal from Washtenaw, William F. Ager, Jr.,
J. Submitted Division 1 January 4, 1974, at Lans-
ing. (Docket No. 14710.) Decided April 26, 1974.

Gilbert Johnson, Jr., was convicted of first-de-
gree murder. Defendant appeals. Reversed and
remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 48, 53, 65, 69, 79.

Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: Lesinski, C. J., and Holbrook and Bashara, JJ.

Lesinski, C. J. Defendant was found guilty by jury of first-degree murder, MCLA 750.316; MSA 28.548. He was sentenced to a term of life imprisonment. Five issues are raised on appeal; we believe that the errors presented by two of those issues require reversal of this conviction.

The trial court erred in refusing to permit a lay defense witness to express an opinion on defendant's mental condition. The defense counsel twice asked James Vincent, a friend of the defendant, "did he [the defendant] appear to be normal?" The trial court improperly sustained the prosecutor's objections, stating:

"You may ask him what he observed. This man is not a psychiatrist. He may not testify as to medical opinions. He may testify as to what he saw, what he observed at this time."

It is well established that lay witnesses may testify on the question of insanity. *People v Borgetto,* 99 Mich 336; 58 NW 328 (1894); *People v Herrera,* 12 Mich App 67, 82; 162 NW2d 330, 336 (1968). As stated in *Herrera,* quoting from *People v Zabijak,* 285 Mich 164, 185; 280 NW 149, 157 (1938):

" 'A nonexpert witness who has had ample means to observe and form conclusions as to the mental condition of a person and who testifies to pertinent facts on which his conclusions are based may state his conclusions as to the insanity of a person.' "

The nonexpert witness here testified on direct examination that he had known the defendant for 2-1/2 years. They fished and shot pool together and often conversed. On the day of the crime, the witness met the defendant after work and drove him to a store, observed his reaction to seeing his wife with another man, and drove him to his attorney's office, the police station, and to a personal residence, where they drank together. Clearly, sufficient facts and circumstances were established to indicate that the witness could form a conclusion as to the defendant's mental condition. Examination of the witness's testimony on direct and cross-examination reveals that the question as to his opinion of defendant's mental condition was within the scope of redirect examination. The insanity defense was the crux of the defendant's case, and the exclusion of this lay witness's opinion on the defendant's sanity was error.

This error standing alone with the facts presented in this case would be deemed harmless error as three expert witnesses testified on the defendant's mental condition. However, in view of the erroneous instruction we discuss subsequently, the cumulative effect of both errors requires reversal of the conviction.

The trial court also committed error in its instructions to the jury on the defense of insanity. The instruction improperly stated that the prosecution must prove the sanity of the defendant by a "fair preponderance of the evidence". This Court in *People v Geiger,* 10 Mich App 339; 159 NW2d 383 (1968), held that an instruction identical to that in the case at bar was reversible error. Although the objectionable language here was preceded by a *single* correct instruction, the jury is presumed to have followed the erroneous instruc-

tion. *People v Eggleston,* 186 Mich 510; 152 NW 944 (1915); *People v Kanar,* 314 Mich 242; 22 NW2d 359 (1946); *People v Clark,* 340 Mich 411; 65 NW2d 717 (1954); *People v Sangster,* 33 Mich App 712; 190 NW2d 317 (1971); *People v Schafer,* 36 Mich App 316; 193 NW2d 925 (1971); and *People v Neumann,* 35 Mich App 193; 192 NW2d 345 (1971).

Although no objection was raised at trial, manifest injustice is presented because the erroneous instruction was directed to the very essence of the case. *Neumann, supra.*

We are aware of the decision in *People v Woodfork,* 47 Mich App 631; 209 NW2d 829 (1973), which held that an instruction virtually identical to the one in the case at bar was not reversible error because no objection was made. However, *Woodfork* is distinguishable from the instant case. In *Woodfork* the trial court instructed the jury correctly both before and after the incorrect instruction and the Court held that the charge as a whole adequately apprised the jury of the correct burden of proof. Here, there was but a single correct instruction and a single incorrect instruction.

The issue squarely presents a classic "thrust but parry" dichotomy. The thrust is that given erroneous and correct instructions, the jury is presumed to have followed the incorrect instruction. *Neumann, supra.* The parry is that even if there are erroneous instructions, reading the charge as a whole can cure the error. *Woodfork, supra.* If either principle is carried to its logical extreme, the other principle would lose its validity. We believe that both can have force in given fact situations. Here, reading the charge as a whole does not cure the error since there was but a single correct and a single incorrect instruction.

We assume that the jury followed the incorrect instruction.

Reversed and remanded for a new trial.

All concurred.