PEOPLE v VANDIVER

1. CRIMINAL LAW—DEFENSES—INSANITY—PRESUMPTION OF SANITY.

   A defendant in a criminal case is presumed to be sane, but when a defendant introduces at trial any evidence of insanity at the time of the offense the people must prove beyond a reasonable doubt that the defendant was sane when he committed the crime.

2. CRIMINAL LAW—DEFENSES—INSANITY—QUESTION OF FACT.

   It is for the trier of fact to determine whether an accused was sane or insane at the time of commission of the charged offense where evidence supportive of an insanity defense is introduced at trial.

3. CRIMINAL LAW—DEFENSES—INSANITY—EVIDENCE—QUESTION OF FACT.

   The mere assertion of an insanity defense does not alone entitle an accused to jury consideration of that defense; however, the quantity of evidence necessary to create a jury question is not great, and as a general rule the question of the sufficiency of evidence is to be resolved by the jury unless there is no evidence at all on a material point.

4. CRIMINAL LAW—DEFENSES—INSANITY—EVIDENCE—TESTIMONY OF ACCUSED.

   An accused's testimony and his manner and demeanor in delivering his testimony may be considered as evidence supportive of an insanity defense, and where a defendant's testimony provides at least some evidence in support of his claimed insanity

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 50, 52.

Modern status of rules as to burden and sufficiency of proof of mental responsibility in criminal case. 17 ALR3d 146.

[2–4] 21 Am Jur 2d, Criminal Law § 53.

[4] 21 Am Jur 2d, Criminal Law § 45.

[5] 21 Am Jur 2d, Criminal Law § 31 *et seq.*

Modern status of the M'Naghten "right and wrong" test of criminal responsibility. 45 ALR2d 1447.

defense a trial court errs by refusing to instruct the jury on the concept of not guilty by reason of insanity.

5. CRIMINAL LAW—DEFENSES—INSANITY—TEST.

The salient elements of the Michigan test of insanity are (1) whether the defendant knew what he was doing was right or wrong, and (2) if he did, did he have the power, the willpower, to resist doing the wrongful act?

Appeal from Washtenaw, Ross W. Campbell, J. Submitted October 4, 1977, at Lansing. (Docket No. 30581.) Decided November 9, 1977.

Jerry VanDiver was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* for defendant on appeal.

Before: D. C. RILEY, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder in violation of MCLA 750.84; MSA 28.279. On July 16, 1976, he was sentenced to a prison term of 6 years and 8 months to 10 years. Defendant now appeals, claiming that the trial judge erred in refusing his request for a jury instruction on the defense of insanity. We agree and accordingly reverse.

In Michigan a defendant in a criminal case is presumptively sane. But, as noted in *People v Neumann,* 35 Mich App 193, 195; 192 NW2d 345 (1971),

"[w]hen a defendant introduces any evidence of insanity at the time of the offense, the people must prove beyond a reasonable doubt that defendant was sane when he committed a crime, just as they must prove every other element of the crime."

See also, *People v Krugman,* 377 Mich 559; 141 NW2d 33 (1966), *People v Woody,* 380 Mich 332; 157 NW2d 201 (1968), *People v Sargeant,* 65 Mich App 691; 238 NW2d 175 (1975). Where evidence supportive of an insanity defense is introduced at trial, it is for the trier of fact to determine whether the accused was sane or insane at the time of the charged offense. *People v Duffy,* 67 Mich App 266, 269; 240 NW2d 771 (1976).

The mere assertion of an insanity defense does not alone entitle an accused to jury consideration of that defense. *People v Blocker,* 45 Mich App 138; 206 NW2d 229 (1973). Yet the quantum of evidence necessary to create a jury question on the subject of a defendant's sanity is not great. *People v Krugman, supra, People v Neumann, supra.* As a general rule, the question of the sufficiency of evidence is to be resolved by the jury unless there is no evidence at all upon a material point. *People v Abernathy,* 253 Mich 583, 587; 235 NW 261 (1931).

In *People v Fields,* 55 Mich App 265, 270; 222 NW2d 207 (1974), this Court indicated that an accused's testimony and his manner and demeanor in delivering it can be considered as evidence supportive of an insanity defense. The present defendant was the only defense witness to testify at trial. Although rambling and often incomprehensible, his testimony revealed that he had been institutionalized almost continuously since the age of seven for mental and emotional disturbances. When requested to do so, defendant could neither

explain his behavior nor describe his emotions on the day of the alleged assault and he indicated that he was then unable to control his conduct or feelings.

The salient elements of the Michigan test of insanity are: "(1) whether defendant knew what he was doing was right or wrong; and (2) if he did, did he have the power, the willpower, to resist doing the wrongful act?" *People v Martin,* 386 Mich 407, 418; 192 NW2d 215 (1971). We are of the opinion that the accused's testimony provided at least some evidence in support of his insanity defense and the matter should have been submitted to the jury. The trial court reversibly erred in refusing to instruct the trier of fact on the concept of not guilty by reason of insanity.

We have considered the other issue raised by defendant and find it lacking in merit.

Reversed and remanded.