## PEOPLE v CRAWFORD

Docket No. 77-170. Submitted January 4, 1979, at Grand Rapids.— Decided March 19, 1979.

Wendell Crawford was convicted of second-degree murder in the Cass Circuit Court, James E. Hoff, J. Defendant appeals. *Held:*

1. The trial court did not err in ruling that the defendant's confession was voluntarily made after a valid waiver of *Miranda* rights.

2. The trial judge did not err in informing the jury, in answer to defendant's objections concerning questions to a police officer about the defendant's confession, that the matter was admissible and that it was the jury's responsibility to determine the weight to be given to the confession.

3. The failure of the trial court to instruct as to the disposition of the defendant if found not guilty by reason of insanity was not error since no request for such an instruction was made.

4. The trial court gave a correct definition of legal insanity and an erroneous instruction for legal sanity.

5. The erroneous instruction regarding legal sanity does not require reversal since there was no objection to the instruction at trial and no showing of manifest injustice.

6. The trial court's erroneous instruction on insanity could only come into play if defendant was mentally ill. Since the jury determined that defendant was not mentally ill the error was harmless.

7. The trial court's instructions on insanity and voluntary intoxication were adequate.

8. The defendant does not have standing to attack the consti-

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 582.
[2] 29 Am Jur 2d, Evidence § 590.
[3] 21 Am Jur 2d, Criminal Law § 45.
[4] 21 Am Jur 2d, Criminal Law § 31.
[5] 21 Am Jur 2d, Criminal Law § 53.
[6] 5 Am Jur 2d, Appeal and Error § 891.

tutionality of the statute defining legal insanity, since the jury determined that he was not legally insane nor mentally ill.

Affirmed.

1. WITNESSES — CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — WALKER HEARINGS — TOTALITY OF CIRCUMSTANCES.

A *Walker* hearing is designed to determine the voluntariness of a defendant's confession from the totality of the circumstances surrounding such confession.

2. WITNESSES — CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — APPEAL AND ERROR.

The Court of Appeals, in reviewing a trial court's determination regarding the voluntariness of a defendant's confession, will affirm such determination unless it is left with a definite and firm conviction, after it examines the entire record and makes an independent determination of voluntariness, that the trial judge erred; deference will be given to the findings of the trial court where there is conflicting evidence and the determination of voluntariness depends on the witnesses at the hearing.

3. CRIMINAL LAW — PUNISHMENT — INSTRUCTIONS — INSANITY — POSTVERDICT STATUS.

In all criminal trials where the defense of insanity is present and that issue is made submissible by the proofs, the defendant, upon his own timely request, or upon request of the jury, shall be entitled to an instruction as to the disposition of the defendant if found not guilty by reason of insanity; a failure to so instruct is not error where no such request is made.

4. CRIMINAL LAW — MENTAL HEALTH — LEGAL INSANITY — STATUTES.

A mentally ill person may be legally insane when he lacks the substantial capacity to appreciate the wrongfulness of his conduct or lacks the ability to conform his conduct to the requirements of law (MCL 768.21a[1]; MSA 28.1044[1][1]).

5. APPEAL AND ERROR — CRIMINAL LAW — JURY INSTRUCTIONS — SECOND-DEGREE MURDER — LEGAL SANITY.

A trial judge's instruction to the jury, in a trial for second-degree murder, that a person is legally sane if, despite his mental illness, that person possesses substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, was erroneous since an instruction defining legal sanity requires a showing that the mentally ill person possesses both the substantial capacity to appreciate the wrongfulness of his conduct and the ability to conform his conduct to the requirements of law.

6. Appeal and Error — Criminal Law — Instructions to Jury —
   Failure to Object — Manifest Injustice.

   An erroneous instruction to a jury will not warrant reversal
   absent a showing of manifest injustice where there has been no
   objection made to the instruction at trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William T.
Grimmer,* Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J. and R. B.
Burns and M. J. Kelly, JJ.

R. B. Burns, J. Defendant was convicted by a
jury of second-degree murder, MCL 750.317; MSA
28.549. He appeals and we affirm.

Evidence presented at trial indicates that defendant went to the home of his estranged wife and
shot her with a rifle. The evidence included a tape-recorded confession given by defendant to the
police. Defendant presented an insanity defense at
trial.

Defendant argues that his confession was improperly admitted as evidence at trial. Prior to
trial, a *Walker*[1] hearing was held, at the conclusion of which the trial judge ruled that the confession was voluntarily made after a valid waiver of
*Miranda*[2] rights.

A *Walker* hearing is designed to determine the
voluntariness of a defendant's statement. Voluntariness is determined from the totality of the
circumstances. When reviewing a trial court's rul-

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87
(1965).

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10
ALR3d 974 (1966).

ing, an appellate court will examine the entire record and reach an independent determination of voluntariness. However, absent a definite and firm conviction that the trial court erred, the decision will be affirmed. *People v Sparks,* 82 Mich App 44; 266 NW2d 661 (1978). An examination of the record does not convince us that the trial court erred.

Two police officers testified that they did not think the defendant was intoxicated, that he stated he understood his rights and that he would talk to the officers. He appeared alert and responsive.

A psychiatrist testified for the defense and he concluded that the defendant was incapable of asserting his rights at the time he spoke to the police.

In arriving at his decision the trial judge set forth two statements of law concerning the admissibility of an intoxicated person's confession. The first was taken from 69 ALR2d 361, § 1, p 362.

"[P]roof that the accused was intoxicated at the time he confessed his guilt of crime will not, without more, bar the reception of the confession in evidence. But if it is shown that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements, then the confession is inadmissible." (Footnotes omitted.)

The second formulation of the rule is found at 23 CJS, Criminal Law, § 838, p 299.

"It is a rule of general application that a confession otherwise voluntary, is not to be excluded because accused was intoxicated at the time of making it, provided he had sufficient mental capacity to know what he was saying, since intoxication at the time of making a confession does not deprive the confession of the

required spontaneity to make it free and voluntary. A substantial impairment of the will and mind must be shown before intoxication will render a confession inadmissible, and the rule is stated by some authorities to be that intoxication, less than mania, does not exclude a confession made during its continuance, but should the intoxication of the confessor produce actual mania, or render him unconscious of what he is saying, the confession will be inadmissible as a result thereof." (Footnotes omitted.)

Finally the trial judge stated, "I find that defendant had developed a tremendous capacity and tolerance for alcohol that permitted him, with only brief rest, to function effectively and understand and comprehend the *Miranda* warnings given to him and that he did in fact make a knowing, intelligent, understanding and voluntary waiver of his right to remain silent and of his right to counsel and that his subsequent statement was given freely, willingly, understandingly and voluntarily".

When there is conflicting evidence and the determination of voluntariness depends on the witnesses at the hearing, deference will be given to the findings of the trial court. There was sufficient evidence to substantiate the finding of the trial judge.

Next, defendant claims that the police officers knew that defendant was represented by an attorney in a divorce case, and therefore, the police officers should not have talked to him without notifying his attorney. Defendant claims that such conduct by the officers rendered the confession inadmissible.

*People v Moore,* 51 Mich App 48; 214 NW2d 548 (1974), holds contrary to defendant's position.

Defendant also claims the trial judge erred when

he informed the jury that the trial judge had determined that defendant's statement was voluntary.

The record does not substantiate defendant's contention. The trial judge, in answer to defendant's objections concerning questions to a police officer about the confession, informed the jury that the matter was admissible and that it was the jury's responsibility to determine the weight to be given to the confession. No error.

No request having been made, the failure of the trial court to instruct as to the disposition of defendant if found not guilty by reason of insanity was not error. *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969).

The trial judge did err when he instructed the jury "A person is legally sane, if, despite his mental illness, that person possesses substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law".

Legal insanity is defined in MCL 768.21a(1); MSA 28.1044(1)(1):

"A person is legally insane if, as a result of mental illness as defined in section 400a of Act No. 258 of the Public Acts of 1974, being section 330.1400a of the Michigan Compiled Laws, or as a result of mental retardation as defined in section 500(g) of Act No. 258 of the Public Acts of 1974, being section 330.1500 of the Michigan Compiled Laws, that person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."

The people and defendant both agree that mental retardation was not an issue and consequently references to it were left out of the instructions.

The court gave a correct definition of legal insanity and then gave the erroneous instruction for legal sanity.

There are two ways in which a person who is mentally ill may be legally insane: (1) he may lack the "substantial capacity * * * to appreciate the wrongfulness of his conduct", or (2) he may lack the ability "to conform his conduct to the requirements of law".

However, when a court chooses to define legal sanity, instead of legal insanity, then the mentally ill person must be shown to possess both "substantial capacity * * * to appreciate the wrongfulness of his conduct" *and* the ability "to conform his conduct to the requirements of law". Therefore, the trial judge's instruction as to legal sanity was erroneous.

This erroneous instruction does not require reversal. Defendant did not object to the instruction. Where no objection to erroneous instructions is made at trial, this Court will not reverse absent a showing of manifest injustice. *People v Dixon,* 84 Mich App 675; 270 NW2d 488 (1978). The evidence that defendant killed his wife was overwhelming. Also, before defendant could be found legally insane he had to have first been found mentally ill. MCL 768.21a(1); MSA 28.1044(1)(1). The trial court instructed the jury that if they found defendant was mentally ill, they could only return a verdict of guilty but mentally ill, not guilty by reason of insanity or not guilty. The trial court's erroneous instruction on insanity could only come into play if defendant was mentally ill. Since the jury determined that defendant was not mentally ill, the error was harmless.

Defendant's contention that the court erred by admitting testimony of a psychiatrist that defen-

dant "did not have a disease of the mind that incapacitated him to the extent that it would not permit him to make a decision between right and wrong" is refuted by *People v Livingston,* 57 Mich App 726; 226 NW2d 704 (1975).

The trial court's instructions on insanity and voluntary intoxication were adequate and in addition no objections were made by defendant.

The jury determined that defendant was not legally insane nor mentally ill, therefore, he does not have standing to attack the constitutionality of MCL 768.21a; MSA 28.1044(1).

Lastly, defendant claims that he should have a *Tucker*[3] hearing. The trial judge has already conducted a hearing and defendant has been resentenced by a different judge.

Affirmed.

---

[3] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).