PEOPLE v RITSEMA

Docket No. 48694. Submitted January 5, 1981, at Grand Rapids.—
Decided April 21, 1981. Leave to appeal applied for.

William L. Ritsema was convicted of first-degree murder, assault
with intent to commit murder and felony-firearm in the Cal-
houn Circuit Court, Stanley Everett, J. Defendant appeals,
alleging that: 1) the court improperly ruled him competent to
stand trial, since he had previously been found incompetent
and his behavior had not changed in the interim; 2) depositions
of two defense witnesses, taken in his absence, were improperly
admitted at trial; 3) the court improperly limited the extent of
lay testimony concerning his mental condition at the time of
the charged offenses; 4) the court improperly denied a motion
for a directed verdict of acquittal; 5) the court erred in refusing
to give the standard jury instruction regarding the defense of
intoxication and gave an erroneous instruction regarding insan-
ity; and 6) the court erred in failing to give an instruction on
the verdict of guilty but mentally ill. *Held:*

1. A determination of competency to stand trial is within the
discretion of the trial court; a defendant is presumed to be
competent to stand trial and in order to be found incompetent,
the trial court must find that, due to his mental condition, the
accused is incapable of understanding the nature and object of
the proceedings against him or of assisting in his defense in a
rational manner. The evidence on which the determination of
competency was based was more extensive than at the hearing
at which he was determined to be incompetent. The court did
not abuse its discretion in finding defendant competent to stand
trial.

2. Defendant was aware of and acquiesced in the deposition

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 62, 63, 68.
[2] 21 Am Jur 2d, Criminal Law §§ 340, 344.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 2.
[4] 75 Am Jur 2d, Trial § 548 *et seq.*
[5] 75 Am Jur 2d, Trial § 624.
[6, 7] 75 Am Jur 2d, Trial § 738.
[7] 21 Am Jur 2d, Criminal Law §§ 533, 569.

procedure and was present when the depositions were read to the jury. Defendant waived his right to be present at the taking of the depositions.

3. The court properly limited the testimony of the lay witnesses regarding defendant's sanity. A nonexpert may testify to his opinion as to the sanity of a defendant, but his opinion must be based on facts and circumstances within his own knowledge and the facts and circumstances must have been proximate in time with the criminal act involved.

4. When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. The court properly did that and found adequate evidence of all the essential elements.

5. A trial court is not required to give verbatim a requested jury instruction if, in the court's judgment, the language of the instruction requested is confusing, inarticulate, inartfully organized or difficult to understand. The instructions were adequate regarding intoxication and insanity as defenses, when read as a whole.

6. The court erred in failing to instruct the jury on the verdict of guilty but mentally ill. The duty to do so when the evidence supports an instruction is mandatory and may not be waived by the defendant. The proper remedy on appeal is to amend his sentence to provide that the defendant shall undergo further psychiatric evaluation and be given such treatment as is psychiatrically indicated for any mental illness or retardation that he may be found to have and that defendant shall in all respects be treated in accordance with the provisions of § 768.36 of the Code of Criminal Procedure.

Affirmed but sentences amended.

1. CRIMINAL LAW — COMPETENCY TO STAND TRIAL.

A determination of competency to stand trial is within the discretion of the trial court; a defendant is presumed to be competent to stand trial and, in order to be found incompetent, the trial court must find that, due to his mental condition, the accused is incapable of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner.

2. CRIMINAL LAW — DEPOSITIONS — RIGHT TO CONFRONT WITNESSES
   — WAIVER.

   Depositions of witnesses in a criminal case taken in the absence
   of a defendant are admissible at trial where the defendant was
   fully informed about the depositions and agreed to the proce-
   dure and where the defendant is present when the depositions
   are read to the jury.

3. CRIMINAL LAW — INSANITY — WITNESSES — LAY WITNESSES.

   A nonexpert may testify to his opinion as to the sanity of a
   defendant, but his opinion must be based on facts and circum-
   stances within his own knowledge and the facts and circum-
   stances must have been proximate in time with the criminal
   act involved.

4. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

   When ruling on a motion for a directed verdict of acquittal, a
   court must consider the evidence which had been presented by
   the prosecution up to the time the motion is made, view that
   evidence in the light most favorable to the prosecution, and
   determine whether a rational trier of fact could have found
   that the essential elements of the crime were proven beyond a
   reasonable doubt.

5. TRIAL — JURY INSTRUCTIONS.

   A trial court is not required to give verbatim a requested jury
   instruction if, in the court's judgment, the language of the
   instruction requested is confusing, inarticulate, inartfully orga-
   nized or difficult to understand; however, where there is evi-
   dence to support the defense theory, the court must instruct on
   the theory.

6. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — JURY INSTRUCTIONS
   — WAIVER.

   The statute providing for the verdict of guilty but mentally ill
   imposes a duty on the trial court to instruct on the verdict of
   guilty but mentally ill whenever the evidence supports an
   instruction on the defense of insanity; the duty is mandatory
   and cannot be waived by the defendant (MCL 768.29a[2]; MSA
   28.1052[1][2]).

7. CRIMINAL LAW — GUILTY BUT MENTALLY ILL — JURY INSTRUCTIONS
   — APPEAL.

   The proper remedy, where the trial court erred in failing to
   instruct the jury on the verdict of guilty but mentally ill and
   the defendant was convicted, is to amend his sentence to
   provide that the defendant shall undergo further psychiatric

evaluation and be given such treatment as is psychiatrically indicated for any mental illness or retardation that he may be found to have and that defendant shall in all respects be treated in accordance with the provisions of § 768.36 of the Code of Criminal Procedure (MCL 768.36; MSA 28.1059).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *Conrad J. Sindt,* Chief Assistant Prosecuting Attorney, for the people.

*Gail Rodwin,* Assistant State Appellate Defender, for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

D. F. WALSH, J. After a jury trial defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, assault with intent to commit murder, MCL 750.83; MSA 28.278, and felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to life imprisonment for the murder and assault offenses and to the mandatory two years imprisonment for the felony-firearm conviction.

Trial testimony established that prior to the shooting defendant and his wife were having marital difficulties. On the night of September 13, 1978, defendant's wife spent the night at her boyfriend's residence in Battle Creek. The next day, she left that house and rode as a passenger in her sister's automobile. At an intersection, defendant drove his van adjacent to the vehicle in which his wife was riding. He then pointed a sawed-off shotgun through the window and began shooting. Defendant's sister-in-law was killed and defendant's wife sustained a bullet wound in her arm. Defendant's wife was able to leave the automobile and enter a

second car which was stopped at a nearby traffic light. Defendant shot into that vehicle also. He then left the van, pulled his wife from the second automobile and took her to the van where he stated that he would kill them both. However, they rode in the van for some time and then stopped at a hospital. Defendant's wife remained there and defendant later went to a police station where he was arrested.

At the trial, defendant asserted the defenses of insanity and drug and/or alcohol intoxication. Defendant now raises seven issues on appeal.

Defendant first argues that the trial court improperly ruled that defendant was competent to stand trial because the court had earlier found that defendant was incompetent and there had been no change in defendant's behavior in the interim.

A defendant is presumed competent to stand trial. In order to be adjudged incompetent, the trial court must find that, due to his mental condition, the accused is incapable of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner. MCL 330.2020(1); MSA 14.800(1020)(1). A determination of competence is within the discretion of the trial court. *People v Matheson,* 70 Mich App 172, 176-177; 245 NW2d 551 (1976), *People v Doerfer,* 46 Mich App 662, 665; 208 NW2d 521 (1973).

In the present case, the trial judge ordered defendant committed to the Center for Forensic Psychiatry for a competency evaluation. At a hearing held on March 2, 1979, the trial court found defendant incompetent based on the Forensic Center report, the only evidence offered at the hearing. On June 6, 1979, a second competency hearing was held. The chief clinician assigned to defendant

testified that he had frequent contact with defendant for approximately four months. He stated that the original diagnosis was based on inadequate information and observation. Based on his own continued observation, the clinician testified that the defendant was competent to stand trial. Defendant had spoken with the clinician, other doctors and the defense attorney about the facts of the offenses. The clinician stated that defendant's mental problem did not prohibit him from assisting in his defense. After concluding that defendant was competent to stand trial, the court indicated that evidence to the contrary would be considered in the future, but no additional evidence was presented.

We find no abuse of discretion in the trial court's ruling. The doctor's opinion and the reasons for the re-evaluation of defendant's competence established defendant's ability to assist in his defense in a rational manner. There was sufficient evidence to support a finding that defendant was competent to stand trial.

Secondly, defendant contends that the depositions of two defense witnesses were improperly conducted in his absence, in violation of his guaranteed right to be present at every critical stage of the criminal proceedings. We are not so persuaded. The record clearly indicates that defendant did not object to the procedure that was followed. He was fully informed about the depositions and he agreed that they could be taken in his absence. Defendant was present when the depositions were presented to the jury. We conclude that defendant waived his right to be present during the taking of these depositions from his own witnesses. *People v Montgomery,* 64 Mich App 101, 103; 235 NW2d 75 (1975).

Defendant next argues that the trial court erred in limiting the extent of lay testimony concerning his mental condition at the time of the charged offenses. We disagree.

When a nonexpert witness expresses his opinion on a defendant's sanity, it must be based on the "facts and circumstances within [his] own knowledge". *People v Cole,* 382 Mich 695, 707; 172 NW2d 354 (1969), *People v Drossart,* 99 Mich App 66, 73; 297 NW2d 863 (1980). There must be a proximity in point of time between the act involved and the facts and circumstances offered as a basis to support a nonexpert's opinion. *People v Cole, supra,* 711. Reversal is required where a trial court has abused its discretion with regard to the admission or exclusion of such testimony. *People v Cole, supra,* 712.

Defendant contends that the trial court prevented defense counsel from eliciting the basis of the opinions of several witnesses. Upon reviewing the record, we find no abuse of discretion. The trial court did permit ample testimony on both the foundation and opinion testimony of each witness. In some cases, the court properly refused to permit questioning with respect to matters that were not close enough in time to be relevant. In other cases, defendant was precluded from eliciting testimony that was inadmissible hearsay under MRE 801(c). We conclude that defendant was given sufficient opportunity to present his insanity defense to the jury and that the limitations imposed by the trial judge were a proper exercise of his discretion.

Defendant also argues that the trial court erred in refusing to grant his motion for a directed verdict as to the murder and assault charges based on the lack of evidence on the intent element of each offense.

In ruling on the motion for a directed verdict a trial judge must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that all of the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Here, defendant had threatened to murder his wife earlier in the day. He shortened the barrel of a shotgun and drove to Battle Creek and waited for his wife there. Defendant then drove his van along side the car in which his wife and sister-in-law were sitting and fired repeatedly at them. Such evidence adequately established defendant's intent to kill. The trial court properly denied defendant's motion for a directed verdict.

Defendant next contends that the trial court erred in refusing to give the standard criminal jury instruction relative to the defense of intoxication, CJI 6:1:02, and gave an erroneous instruction on the defense of insanity.

Jury instructions must be reviewed in their entirety. *People v Turner,* 99 Mich App 733, 739; 298 NW2d 848 (1980). A trial court is not obligated to give verbatim a requested jury instruction if, in the court's judgment, the language of the instruction requested is confusing, inarticulate, inartfully organized or simply difficult to understand. *People v Frederick Lester,* 406 Mich 252, 254; 277 NW2d 633 (1979). However, where there is evidence to support the defense theory, the trial court must instruct the jury on the theory. *People v Frederick Lester, supra,* 254-255.

In the instant case, the court refused to give CJI 6:1:02 on the defense of intoxication. However, the

court did mention this defense on two different occasions during the instructions to the jury. In our judgment, the instructions adequately informed the jury of the defense. The court's refusal to give the requested instruction did not constitute reversible error.

Defendant's claimed error concerning the instruction on insanity deals with the court's insertion of an "or" in place of "and". Defendant failed to raise any objection to this instruction at trial and the judge instructed the jury on the correct definition of insanity. When read as a whole, the instructions were not likely to have misled the jury. Defendant has failed to demonstrate any prejudice from this minute error by the trial court. *People v Crawford,* 89 Mich App 30; 279 NW2d 560 (1979). See also *People v Woodfork,* 47 Mich App 631; 209 NW2d 829 (1973).

Finally, defendant claims that the trial court erred in omitting a guilty but mentally ill jury instruction in compliance with defense counsel's request. We agree.

It is the duty of the trial court to instruct correctly on the law. *People v Oberstaedt,* 372 Mich 521, 526; 127 NW2d 354 (1964). In *People v Henry,* 395 Mich 367, 373-374; 236 NW2d 489 (1975), the Supreme Court quoted an earlier decision as follows:

> "Without any requests from counsel it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he should state to them fully the law applicable to the facts. Especially is this his duty in a criminal case. In this case it was not so done. Too much reliance is often placed upon counsel by the court in this respect for requests; but this should not be

done. The court must do its duty in a criminal case, whether counsel do so or not. It is to the court that the accused has a right to look to see that he has a fair trial." *People v Murray,* 72 Mich 10, 16; 40 NW 29 (1888).

The statute relating to the court's duty to instruct in a case in which an insanity defense has been asserted provides:

"(2) At the conclusion of the trial, where warranted by the evidence, the charge to the jury shall contain instructions that it shall consider separately the issues of the presence or absence of mental illness and the presence or absence of legal insanity and shall also contain instructions as to the verdicts of guilty, guilty but mentally ill, not guilty by reason of insanity, and not guilty with regard to the offense or offenses charged and, as required by law, any lesser included offenses." MCL 768.29a(2); MSA 28.1052(1)(2).

In *People v Mikulin,* 84 Mich App 705; 270 NW2d 500 (1978), the Court reversed the defendant's conviction due to the trial court's failure to instruct on insanity before taking expert testimony. The Court also commented on MCL 768.29a(2); MSA 28.1052(1)(2), in the following manner:

"* * * [W]e need only note that the statute requires an instruction on guilty but mentally ill whenever an instruction on insanity is warranted by the evidence. MCL 768.29a(2); MSA 28.1052(1)(2). See, CJI 7:8:03-7:8:13. This statute was not complied with here." *People v Mikulin, supra,* 709.

In *People v Thomas,* 96 Mich App 210; 292 NW2d 523 (1980), the Court found no error where the trial court instructed on the guilty but men-

tally ill verdict over objection by the defense counsel. The Court stated:

"The language of the statute imposes a duty on trial judges to use this instruction where the evidence warrants it. While trained professionals may better understand the distinction between a not guilty by reason of insanity verdict and a guilty but mentally ill verdict, MCL 768.36; MSA 28.1059 offers sufficient guidance in this respect." *People v Thomas, supra,* 221.

In this case the defendant expressly requested that the guilty but mentally ill instruction be omitted. The language of the statute, however, is mandatory. We are persuaded that where the evidence supports an instruction on the defense of insanity, the instruction on guilty but mentally ill must also be given. The duty imposed upon the trial judge by the Legislature cannot be waived by the defendant. Failure to give the instruction was error.

Under the circumstances of this case, however, we are not convinced that retrial is the appropriate disposition. Defendant was tried and found guilty of the charged offenses. The jury did not believe that defendant was insane. We have found no prejudicial error other than the trial court's acquiescence in defense counsel's request that the guilty but mentally ill instruction be omitted. The prejudice suffered by defendant was his being denied the possibility of having the jury find him guilty but mentally ill. The only consequence of the guilty but mentally ill verdict which differs from the guilty verdict is that a guilty but mentally ill defendant "shall undergo further evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation". MCL 768.36(3); MSA 28.1059(3). *People v*

*McLeod,* 407 Mich 632, 652; 288 NW2d 909 (1980). The length of defendant's sentence would not have been affected since the statute provides that "the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense". MCL 768.36(3); MSA 28.1059(3).

In order to eliminate any prejudice which may have been suffered by the defendant, we hereby amend defendant's sentence, pursuant to GCR 1963, 820.1(7), to provide that the defendant shall undergo further psychiatric evaluation and be given such treatment as is psychiatrically indicated for any mental illness or retardation that he may be found to have and that defendant shall in all respects be treated in accordance with the provisions of § 768.36 of the Code of Criminal Procedure. MCL 768.36; MSA 28.1059.

Defendant's convictions are affirmed; defendant's sentences are amended in accordance with this opinion.