PEOPLE v GASCO

Docket No. 52427. Submitted January 8, 1982, at Lansing.—Decided
   June 24, 1982. Leave to appeal denied, 414 Mich 951.

   Defendant, Leonard E. Gasco, was convicted of first-degree crimi-
   nal sexual conduct in the Newaygo Circuit Court, Lawrence C.
   Root, J. Defendant presented an insanity defense. The court,
   using the Criminal Jury Instructions, defined legal sanity incor-
   rectly. Defendant did not object at that time. Defendant ap-
   peals. *Held:*

   1. The Criminal Jury Instruction defining legal sanity is
   wrong.

   2. An error in the court's instructions to the jury does not
   usually occasion manifest injustice unless the incorrect instruc-
   tion pertains to a basic and controlling issue in the case. The
   instruction on the definition of legal sanity went to a basic and
   controlling issue. It cannot be deemed harmless.

   Reversed and remanded.

   BEASLEY, J., dissented. He noted that the Court of Appeals
   should be reluctant to find reversible error in a trial court's use
   of a jury instruction recommended by the Supreme Court even
   if it is believed to misstate the law.

OPINION OF THE COURT

1. CRIMINAL LAW — JURY INSTRUCTIONS — CRIMINAL JURY INSTRUC-
     TIONS — SANITY.
   The Criminal Jury Instruction defining legal sanity is wrong (CJI
   7:8:02A[12]).

2. CRIMINAL LAW — JURY INSTRUCTIONS — PROPER AND IMPROPER
     INSTRUCTIONS.
   The general rule in Michigan is that, where both erroneous and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 62.
   75 Am Jur 2d, Trial §§ 738, 739.
[2, 3] 75 Am Jur 2d, Trial § 623.
[4] 5 Am Jur 2d, Appeal and Error § 815.

proper instructions have been given to a jury, the jury is presumed to have followed the erroneous instructions.

3. TRIAL — JURY INSTRUCTIONS — MANIFEST INJUSTICE.

An error in the court's instructions to the jury does not usually occasion manifest injustice unless the incorrect instruction pertains to a basic and controlling issue in the case.

DISSENT BY BEASLEY, J.

4. APPEAL — JURY INSTRUCTIONS.

*The Court of Appeals should be reluctant to find reversible error in a trial court's use of a jury instruction recommended by the Supreme Court even if it is believed to misstate the law.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Keith J. Schuiteman,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Following a jury trial in the Newaygo County Circuit Court, defendant was found to be guilty as charged of first-degree criminal sexual conduct. MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). Defendant was sentenced to serve a term of from 60 to 90 years' imprisonment.

We are constrained to agree with defendant's assertion that the trial court's erroneous instructions on sanity left defendant without a viable defense and reluctantly reverse his conviction. The trial court gave the following instructions, taken from CJI 7:8:02A:

"A person is also legally insane if, as a result of mental illness or mental retardation, that person in that situation and in his condition lacked substantial

capacity or ability to conform his conduct to the requirements of the law which he is charged with violating.

\* \* \*

"Correspondingly, a person is legally sane if, despite mental illness or mental retardation, that person possesses substantial capacity to appreciate the wrongfulness of his conduct *or* to conform his conduct to the requirements of the law he is charged with violating." (Emphasis added.)

While the CJI definition of legal insanity correctly states the law, the CJI definition of legal sanity is erroneous. The court's instructions on legal sanity allow the jury to find defendant criminally responsible if it concluded that: (a) he knew the difference between right and wrong; *or* (b) he could conform his conduct to the requirements of the law. In fact, pursuant to MCL 768.21a(1); MSA 28.1044(1)(1), defendant would be legally sane only if both (a) and (b) were true. CJI 7:8:02A, and the trial court, should have used "and" instead of "or" in the definition of legal sanity.

Where both correct and incorrect instructions are given, it is presumed that the jury followed the incorrect charge. *People v Pace,* 102 Mich App 522, 535; 302 NW2d 216 (1980), and cases cited therein.

The prosecution, conceding that the instructions in issue were erroneous, nonetheless asserts that defendant's failure to object precludes reversal on this basis.[1] However, where an instructional error

---

[1] The fact that defense counsel did not object to the instructions, while not excusable, is somewhat more understandable than in the usual case. Here, the CJI embodied the incorrect concept of legal sanity. While the CJI have never been officially adopted by the Michigan Supreme Court, the Court has urged their use. See Supreme Court Administrative Order 1977-1, 399 Mich lxxii. Thus, the CJI have an aura of reliability and authority as semi-sanctioned which could have the effect of inhibiting objections to their use.

relates to a basic and controlling issue in the case, we will reverse upon the basis of manifest injustice. *People v Neumann,* 35 Mich App 193, 196; 192 NW2d 345 (1971). Thus, in *Neumann,* a case factually analogous to the instant one, we reversed defendant's conviction where, absent objection, the court's charge conveyed the impression that defendant had to establish the insanity defense beyond a reasonable doubt. This reversal came about even though the trial court had also given correct instructions on the burden of proof.

The prosecution relies on *People v Crawford,* 89 Mich App 30; 279 NW2d 560 (1979), *lv den* 409 Mich 914 (1980), and *People v Ritsema,* 105 Mich App 602; 307 NW2d 380 (1981), both cases in which the same instructional error was made without objection, and this Court found no manifest injustice. In *Crawford,* the trial court had charged the jury that, if it found defendant was mentally ill, it could only return verdicts of guilty but mentally ill, not guilty by reason of insanity or not guilty. Since defendant was simply found to be "guilty", the Court reasoned that the erroneous instruction could not have prejudiced the defense. *Crawford, supra,* 36. In the instant case, however, the court's instructions informed the jurors that if they found defendant mentally ill, but not insane, they might return a verdict of guilty but mentally ill. The court's instructions in this case left the jury with discretion to either find him guilty but mentally ill or guilty, as it chose. Thus, the verdict of guilty does not preclude the possibility that the jury thought defendant was mentally ill. As such, the *Crawford* harmless-error analysis is inapplicable to this case. In *Ritsema,* this Court simply cited to the earlier *Crawford* decision in finding that the error did not require reversal. Particu-

larly in view of the fact that the Court in *Ritsema* gave absolutely no guilty but mentally ill instructions, we believe that the decision rendered was unsound, at least on the grounds given.

We also note that in the case of *People v Morris,* 92 Mich App 747; 285 NW2d 446 (1979), *lv den* 408 Mich 919 (1980), this Court reversed defendant's conviction where the trial court gave an instruction on legal sanity patterned after CJI 7:8:02A. While defense counsel did object in *Morris,* the trial court also gave a supplemental charge correctly stating the definition of legal sanity. Nonetheless, this Court held that reversal was required. In *People v Girard,* 96 Mich App 594; 293 NW2d 639 (1980), involving a different problem with the jury instructions on insanity, we declined to apply the *Crawford* analysis, *supra,* and reversed despite the lack of an objection. See, also, *Neumann, supra.*

We do not believe the improper instructions here can be deemed harmless. The defense psychiatric witness acknowledged that he believed defendant could distinguish right from wrong. It was this witness's opinion, however, that defendant could not conform his conduct to the requirements of the law. In light of this fact, under the instructions as given, the jury could have concluded that even the defense's own expert's testimony established that defendant was sane at the time of the crime. Moreover, the jury was given a photocopy of CJI 7:8:02A for use during its deliberations.[2] This instruction erroneously defined legal sanity. Given the complexity of the insanity defense, it can be expected that the jury referred to the CJI in its deliberations. Assuming, *arguendo,* the cor-

---

[2] Defense counsel did object to allowing the jury to have copies of any instructions for use during deliberations.

rectness of those decisions holding that instructional errors on legal sanity might be deemed harmless, the record here reflects an ample likelihood that the improper instructions were prejudicial.

Defendant raises no other issues entitling him to relief.

Reversed and remanded.

BEASLEY, J. *(dissenting)*. I respectfully dissent.

The majority reverses because they believe that proposed CJI 7:8:02A, read correctly to the jury by the trial judge, is erroneous. Although never formally adopting the standard Criminal Jury Instructions, the Supreme Court has recommended their use. If they are to be changed, the Supreme Court is the court vested with the power to do so. Until they do, I would not be inclined to find reversible error in the use of the Supreme Court's recommended standard jury instructions.

No objection to the jury instruction was made at trial. There is no question but that the innocent victim, a housewife, was cruelly and violently raped by defendant. Before subjecting her to another trial, I would want a far more convincing showing that defendant's right to a fair trial was infringed. In fact, the "reversible error" relied upon by the majority was a rather minor variation in a lengthy instruction as to how the jury should view and interpret the psychiatrist's and psychologist's testimony.

Sometimes there is an impression that the appellate court exaggerates a little the extent to which a jury hangs on every word of a jury instruction. I do not believe that if the jury had been instructed as suggested by the majority, a different

result would have been reached by the jury. Neither do I believe there was any miscarriage of justice here.

I would affirm.