PEOPLE v MIKULIN

Docket No. 77-1787. Submitted April 13, 1978, at Detroit.—Decided July 17, 1978.

Gloria Mikulin was convicted of second-degree murder, Recorder's Court of Detroit, Donald L. Hobson, J. The defense of insanity was raised before trial. The trial court instructed the jury that the permissible verdicts were guilty of first-degree murder, second-degree murder, or manslaughter and not guilty by reason of insanity. No instructions were given relative to a verdict of guilty but mentally ill or a general not guilty verdict. Defendant appeals. *Held:*

1. It was reversible error for the trial court to fail to instruct the jury on the question of insanity before taking expert testimony on the subject.

2. The trial court was required to give an instruction on the possible verdict of guilty but mentally ill because the evidence warranted an instruction on insanity.

3. The court's failure to include "not guilty" as a possible verdict was reversible error.

4. The trial court's ruling that only expert testimony would be admissible concerning the defendant's mental condition at the time of the shooting was improper.

Reversed and remanded for a new trial.

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INSANITY DEFENSE—EVIDENCE—EXPERT TESTIMONY—APPEAL AND ERROR—STATUTES.

The failure of a trial court to instruct the jury on the question of insanity, in a criminal case where the defendant has raised an insanity defense, before taking expert testimony on the subject of insanity is reversible error, even without a request for such an instruction; the trial court has a duty to prepare the jury

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 75 Am Jur 2d, Trial §§ 738, 739.

[2, 3] 75 Am Jur 2d, Trial § 883.

[4] 31 Am Jur 2d, Expert and Opinion Evidence § 88.

Requisite foundation or predicate to permit nonexpert witness to give opinion, in civil action, as to sanity, mental competency or mental condition. 40 ALR2d 15.

for the expert testimony which is to be received (MCL 768.29a[1]; MSA 28.1052[1] [1]).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—INSANITY—GUILTY BUT MENTALLY ILL—STATUTES.

An instruction to the jury on a possible verdict of guilty but mentally ill is required whenever an instruction on insanity is warranted by the evidence (MCL 768.29a[2]; MSA 28.1052[1] [2]).

3. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—VERDICTS—NOT GUILTY.

The failure of a trial court in a criminal case to include "not guilty" as a possible verdict is reversible error.

4. CRIMINAL LAW—EVIDENCE—LAY TESTIMONY—DEFENDANT'S SANITY—FOUNDATION.

Lay testimony is admissible on the question of a criminal defendant's sanity at the time of the criminal act, assuming that a proper foundation can be shown.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Ronald P. Weitzman,* for defendant on appeal.

Before: T. M. BURNS, P. J., and N. J. KAUFMAN and BASHARA, JJ.

T. M. BURNS, P. J. The main issues in this appeal relate to the trial court's duty to instruct at trial when the defense of insanity is raised before trial. Because of instructional error, we reverse defendant's conviction for second-degree murder. MCL 750.317; MSA 28.549.

Defendant was originally charged with first-degree murder, MCL 750.316; MSA 28.548, in the death of her husband. The deceased died as the

result of multiple gunshot wounds to the head. Before trial, defense counsel filed a notice of defense claiming the shooting was the result of an "irresistible impulse". The court entered an order for psychiatric evaluation of the defendant at public expense, and later entered an order requiring defendant to undergo an examination at the Center for Forensic Psychiatry relative to the claim of insanity under MCL 768.20a; MSA 28.1043(1).

Both sides presented expert testimony at trial on defendant's mental condition at the time of the offense. The trial court instructed the jury that the permissible verdicts were guilty of first-degree murder, second-degree murder, or manslaughter and not guilty by reason of insanity. No instructions were given relative to a verdict of guilty but mentally ill or a general not guilty verdict. It does not appear on the record that counsel were given an opportunity to register their objections to the instructions as given. GCR 1963, 516.2.

The standard of legal insanity is now codified in MCL 768.21a(1); MSA 28.1044(1)(1). Although the standards are substantially the same, the statutory standard replaces the common-law standard formerly followed in Michigan.[1] The same act that codified the legal definition of insanity, 1975 PA 180, also introduced the concept of guilty but mentally ill, MCL 768.36; MSA 28.1059, and imposed additional duties on trial courts. The present defendant raises several questions about these newly imposed duties.

Defendant claims the failure of the trial court to instruct on the question of insanity before taking expert testimony on the subject was reversible error, even without a request for such an instruc-

---

[1] For the former standard see People v Martin, 386 Mich 407; 192 NW2d 215 (1971).

tion. We agree. MCL 768.29a(1); MSA 28.1052(1)(1) provides:

"If the defendant asserts a defense of insanity in a criminal action which is tried before a jury, the judge *shall,* before testimony is presented on that issue, instruct the jury on the law as contained in sections 400a and 500(g) of Act No. 258 of the Public Acts of 1974 and in section 21a of chapter 8 of this act."[2] (Emphasis added.)

This section imposes a duty on the trial court to prepare the jury for the expert testimony which is to be received. The appropriate instruction is CJI 7:8:01. In this case, the record does not show that any instruction on insanity was given before the expert testimony was received and, therefore, reversible error occurred.

We do not hold that every failure to give CJI 7:8:01 is reversible error. The instruction may be modified to fit the expected testimony in any particular case. However, unless the substantial equivalent of such an instruction is given, the command of the statute will not have been fulfilled and reversal will be required. The policy of the statute recognizes the difficulty of weighing testimony relative to a defendant's mental condition and criminal responsibility. By the use of mandatory language, the Legislature has concluded that an instruction is essential for a fair disposition of a claim of insanity. We agree with the expression of policy and intend to enforce it by requiring the instruction.

---

[2] The sections referred to in this statute are MCL 330.1400a; MSA 14.800(400a), defining mental illness and MCL 330.1500(g); MSA 14.800(500)(g), defining mentally retarded. The section also requires an instruction on legal insanity as defined in MCL 768.21a; MSA 28.1044(1). The appropriate instruction is CJI 7:8:01.

Defendant also claims reversible error in the trial court's failure to instruct on the possible verdict of guilty but mentally ill. Because of the holding above, we need only note that the statute requires an instruction on guilty but mentally ill whenever an instruction on insanity is warranted by the evidence. MCL 768.29a(2); MSA 28.1052(1)(2). See, CJI 7:8:03–7:8:13. This statute was not complied with here. Whether the court must honor a defense request that the instruction on guilty but mentally ill not be given, or whether any error is waived by failing to object to the court's failure to include such an instruction need not be considered here.

We also note that the jury must be given the opportunity to return a general verdict of not guilty. See, *People v Marvin White,* 81 Mich App 335, 339, n 1; 265 NW2d 139 (1978). Failure of the trial court to include not guilty as a possible verdict is reversible error.

Only one of the remaining issues needs to be discussed. Twice during the trial the court sustained prosecution objections to questions posed by defense counsel to lay witnesses concerning defendant's mental condition at the time of the shooting. The trial court seems to have concluded that only expert testimony would be admissible on this point. This is not the state of the law in Michigan. Assuming a proper foundation can be shown, lay testimony is admissible on the question of the defendant's sanity at the time of the act. *People v Cole,* 382 Mich 695; 172 NW2d 354 (1969). See also, MRE 701 and *State v Lujan,* 87 NM 400; 534 P2d 1112 (1975).

Reversed and remanded for new trial.