PEOPLE v MAYFIELD

Docket No. 117790. Submitted December 19, 1989, at Lansing. Decided February 5, 1990. Leave to appeal applied for.

Delton Mayfield, thirty-nine years old, was convicted, on his plea of guilty, of second-degree murder, possession of a firearm during the commission of a felony, and being a second felony offender and was sentenced to fifty to eighty years plus two years on the felony-firearm, Genesee Circuit Court, Donald R. Freeman, J. Defendant appealed by leave granted.

The Court of Appeals *held*:

A sentence imposed for a term of years must be an indeterminate sentence less than life which is reasonably possible for the defendant in question to actually serve, not taking into account the effect of disciplinary credits. Defendant, at thirty-nine, did not have a reasonable prospect of actually serving his sentence.

Remanded for resentencing.

CRIMINAL LAW — SENTENCING — MINIMUM SENTENCES.

A sentence imposed for a term of years must be an indeterminate sentence less than life which is reasonably possible for the defendant in question to actually serve, not taking into account the effect of disciplinary credits.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Christopher,* Assistant Prosecuting Attorney, for the people.

*Richard J. Drew,* for defendant.

REFERENCES
Am Jur 2d, Criminal Law §§ 606, 629, 630.
See the Index to Annotations under Indeterminate Sentence; Life Imprisonment; Sentence and Punishment.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

MICHAEL J. KELLY, P.J. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and habitual offender, second conviction, MCL 769.10; MSA 28.1082. The court sentenced defendant to fifty to eighty years, plus two years for felony-firearm. Defendant was thirty-nine years old at the time of his sentencing.

Defendant argues that he must be resentenced because his fifty-year minimum sentence effectively sentences him to life in prison without parole. We agree.

A sentence imposed for a term of years must be an indeterminate sentence less than life which is reasonably possible for the defendant to actually serve. *People v Moore,* 432 Mich 311, 329; 439 NW2d 684 (1989). Thus the sentencing court must fashion a sentence that the defendant has a reasonable prospect of actually serving. *Id.*

Currently there is a dispute in this Court regarding the length of a minimum sentence which a defendant would have a reasonable prospect of actually serving. In *People v Holland,* 179 Mich App 184, 197; 445 NW2d 206 (1989), a panel upheld a sixty-year minimum sentence for a twenty-three-year-old defendant, reasoning that he could possibly live beyond the age of eighty-three. In *People v Rushlow,* 179 Mich App 172, 179-181; 445 NW2d 222 (1989), a panel upheld a seventy-five year minimum sentence for a twenty-six-year-old defendant on the grounds that he could possibly be paroled alive at age eighty-seven if one took into

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

account all possible disciplinary credits. However, in *People v Hopson,* 178 Mich App 406, 413; 444 NW2d 167 (1989), the panel held that a fifty-year minimum sentence for a forty-seven-year-old defendant was prohibited under the *Moore* rule as it was obviously imposed with the intent of keeping the defendant in prison for life without parole.

We reject the approaches of *Rushlow* and *Holland* as unrealistic.[1] Although it is possible for a man (or woman) to live well into the eighties and nineties, it is not likely that he will.[2] A convicted defendant in his late thirties does not logically have a reasonable prospect of surviving a prison sentence into his late eighties or early nineties. Nor is it permissible to consider the effect of disciplinary credits when determining the proper length of a minimum sentence. *People v Fleming,* 428 Mich 408, 425; 410 NW2d 266 (1987). Defendant, at thirty-nine years of age, did not have a reasonable prospect of actually serving his fifty- to eighty-year sentence. The effect of this sentence was to keep defendant in prison for life without parole. Resentencing is required under *Moore.*

Remanded for resentencing in accordance with *People v Moore, supra.*

---

[1] "For man also knoweth not his time." Ecclesiastes 9:12.

[2] See, e.g., MCL 500.834; MSA 24.1834.