PEOPLE v REDMAN

Docket No. 120294. Submitted March 19, 1991, at Grand Rapids.
Decided April 15, 1991, at 10:10 A.M. Leave to appeal sought.

Harry J. Redman was convicted of criminal sexual conduct,
kidnapping, and assault with intent to do great bodily harm
less than murder following a jury trial in the Lake Circuit
Court, Richard I. Cooper, J. The defendant was sentenced to
prison terms of sixty to ninety years for the criminal sexual
conduct and kidnapping convictions and of 6.8 to 10 years for
the assault conviction. The defendant appealed, arguing that
the trial court had abused its discretion in imposing the sixty-
to-ninety-year sentences because those sentences departed from
the minimum sentence range recommended by the sentencing
guidelines and exceeded the defendant's life expectancy, and
that the trial court had erred in allowing into evidence a
portion of the victim's tape-recorded statement.

The Court of Appeals held:

1. The trial court did not abuse its discretion in imposing the
sixty-to-ninety-year sentences. In view of the circumstances
surrounding the offense, the sentence was proportionate to the
seriousness of the crime, and the trial judge properly departed
from the recommended sentence range. It is reasonably possible
that the defendant will be able to serve the minimum sentence.

2. The question of the admission of a portion of the victim's
tape-recorded statement into evidence was not properly pre-
served for appellate review.

Affirmed.

*John B. Payne, Jr.,* for the defendant.

Before: GRIBBS, P.J., and SULLIVAN and GRIFFIN,
JJ.

GRIFFIN, J. Following a jury trial, defendant was
convicted of one count of first-degree criminal
sexual conduct, MCL 750.520b; MSA 28.788(2), one
count of kidnapping, MCL 750.349; MSA 28.581,

and one count of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. Defendant was sentenced to 60 to 90 years in prison for the criminal sexual conduct and kidnapping convictions, and to 6.8 to 10 years for the assault conviction. He now appeals as of right, and we affirm.

In his first two issues on appeal, defendant essentially challenges the severity of his sixty-to-ninety-year sentences for CSC I and kidnapping. Primarily, defendant argues that the court abused its discretion when it declined to adhere to the sentencing guideline which was computed for CSC I and recommended a minimum sentence of ten to twenty-five years. We find no merit in defendant's argument.

In *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), our Supreme Court held that a trial court's sentencing discretion is subject to review under the principle of proportionality. This principle requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Id.,* p 636. Under *Milbourn,* the second edition of the sentencing guidelines are said to provide the best "barometer" for gauging the proportionality of a given sentence. *Id.,* p 656. However, trial judges remain free to depart from the guidelines when, in their judgment, the recommended range is disproportionate to the seriousness of the crime. *Id.,* p 657.

Applying this principle to the present case, we find no abuse of sentencing discretion. Indeed, in our view, the facts of this crime present a worst-case scenario which would justify imposing the maximum sentence allowable by law. *Id.,* pp 650-654. According to the fifteen-year-old victim, defendant, a friend of her brother, forcibly entered her parents' home and removed her against her will.

Defendant then drove the victim to a secluded area where he forced her to have sex. At some point thereafter, the victim was put in the trunk of the car while defendant drove around. After removing her from the trunk, defendant forced the victim into a wooded area where he raped her a second time, after which defendant attempted to drown the victim in a swamp. Upon review, we find defendant's sentence proportionate to the circumstances surrounding the offense and the offender. *Id.,* p 636.

Defendant further contends that his minimum sentences of sixty years are invalid because they will exceed his life expectancy and thus violate *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989). We disagree. Defendant was twenty-seven years old at the time of sentencing, and it is reasonably possible that defendant will survive into his eighties. *People v Holland,* 179 Mich App 184, 197; 445 NW2d 206 (1989); *People v Rushlow,* 179 Mich App 172, 179-181; 445 NW2d 222 (1989). Also see *People v Johnson,* 187 Mich App 621; 468 NW2d 307 (1991). Cf. *People v Mayfield,* 182 Mich App 282; 451 NW2d 583 (1990).

Defendant last contends that the trial court erred when it allowed a portion of the victim's tape-recorded statement to be played to the jury. Defendant argues that the prosecution failed to establish the proper foundation for admitting the tape. However, no foundational objection was raised below. Rather, defense counsel simply argued that the recording was not the best evidence of the conversation. Objections raised on one ground are insufficient to preserve an appellate attack based on different grounds. *People v Winchell,* 171 Mich App 662, 665; 430 NW2d 812 (1988).

In any case, defendant does not dispute that the victim's voice was on the tape. See *People v Berkey,* 437 Mich 40; 467 NW2d 6 (1991).

Affirmed.