PEOPLE v CRAMER

Docket No. 128160. Submitted March 2, 1993, at Lansing. Decided
September 20, 1993, at 9:50 A.M. Leave to appeal sought.

Jerry A. Cramer was convicted by a jury in the Macomb Circuit
Court, John B. Bruff, J., of first-degree criminal sexual conduct
and was sentenced to a prison term of from sixty to ninety
years. At trial, the defendant asserted the defense of insanity,
and the trial court failed to give the statutorily mandated
preliminary jury instructions concerning legal insanity and
mental illness before allowing expert testimony relating to the
insanity defense. The defendant appealed.

The Court of Appeals *held*:

1. Although it was error for the trial court to fail to give the
mandated instructions before taking the expert testimony relat-
ing to the insanity defense, the error was harmless in view of
the fact that there was no objection to the failure to give the
preliminary instructions, the court gave proper instructions
concerning the distinctions between mental illness and insanity
at the end of the trial, and the jury returned a verdict of guilty
rather than guilty but mentally ill.

2. Because the minimum sentence imposed by the court will
have been served while the defendant is still in his early
eighties, and binding precedent has held that a defendant
reasonably can be expected to survive to such an age, the life-
expectancy rule of *People v Moore,* 432 Mich 311 (1989), was
not violated.

3. Although a departure from the minimum sentence of ten
to twenty-five years recommended by the sentencing guidelines
is appropriate in this case, the sixty-year minimum sentence
imposed by the trial court is unwarranted and violates the
principle of proportionality of *People v Milbourn,* 435 Mich 630
(1990).

Affirmed but remanded for resentencing.

Michael J. Kelly, J., dissenting in part, stated that the
conviction should be reversed because the failure to give the

REFERENCES

Am Jur 2d, Trial §§ 1105, 1482.
See ALR Index under Instructions to Jury.

preliminary instructions was error that may have resulted in prejudice to the defendant.

CRIMINAL LAW — INSANITY — JURY INSTRUCTIONS — HARMLESS ERROR.

The failure of a court in a trial in which the defense of insanity is raised to give to the jury the statutorily mandated preliminary instructions concerning mental illness and legal insanity before expert testimony is taken is harmless error where there is no defense objection, the jury is given proper instructions at the end of the trial, and the jury returns a verdict of guilty rather than guilty but mentally ill (MCL 768.29a[1]; MSA 28.1052[1] [1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Richard J. Goodman,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

MARILYN KELLY, J. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct. MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). His sentence was sixty to ninety years in prison. On appeal, he argues that his conviction must be reversed, because the trial court failed to give the jury the insanity instruction before expert witnesses testified. He asserts, also, that he is entitled to resentencing, as his sentence is disproportionate and violates *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989). We affirm defendant's conviction, but remand for resentencing.

The underlying facts in this case are not in dispute. Defendant sexually assaulted a twelve-year-old boy in a public restroom of a department

store. When apprehended outside the store, he said, "Thank God you've got me; it's finally over."

Defendant's father testified that defendant had been adopted as an infant. Defendant's biological family had a history of mental illness. Defendant was first treated for emotional problems while in kindergarten. During high school, he saw a psychologist and was prescribed the drug Stelazine to help control his mental problems. He stopped taking Stelazine in order to pass a military physical. After two years in the Navy, he was discharged for alcoholism. Defendant did not take Stelazine while in the Navy or after he was discharged. The instant assault occurred less than a year after his discharge from the Navy.

Dr. Ryan, a clinical psychologist, treated defendant while he was in high school. He diagnosed defendant as a schizophrenic. Dr. Tanay, a psychiatrist, evaluated defendant pursuant to court order. Dr. Tanay was not certain whether defendant had schizophrenia, but he had no doubt that defendant was mentally ill. He believed defendant was legally insane at the time of the assault; as a result of his mental illness, defendant could not conform his conduct to the law.

The prosecution called psychologist Dr. Carole Holden as a rebuttal witness. In her opinion, defendant was not mentally ill when the assault occurred; he knew it was wrong to act on his sexual impulses, but did so heedless of the consequences. She agreed that defendant had a psychological disorder, but she saw no evidence of schizophrenia.

I

On appeal, defendant argues that the trial court erred in failing to give the legal insanity jury

instruction before the experts took the stand. CJI2d 7.9. Defendant did not request the instruction prior to the testimony. Section 29a(1) of the Code of Criminal Procedure provides in part:

> If the defendant asserts a defense of insanity in a criminal action which is tried before a jury, the judge shall, before testimony is presented on that issue, instruct the jury on the law as contained in sections 400a and 500(g) of Act No. 258 of the Public Acts of 1974 and in section 21a of chapter 8 of this act. [MCL 768.29a(1); MSA 28.1052(1)(1).]

In this case, the trial court was required by statute to define mental illness and legal insanity before taking expert testimony on the insanity defense. MCL 330.1400a; MSA 14.800(400a); MCL 768.21a; MSA 28.1044(1). It neglected to do so.

Another panel of this Court has concluded that the failure of the trial court to instruct on legal insanity before taking expert testimony on the subject is always reversible error. *People v Mikulin,* 84 Mich App 705, 707-708; 270 NW2d 500 (1978). This is true even if the instruction is not requested. *Id.* In *Mikulin,* the Court indicated that the purpose of § 29a(1) is to prepare the jury for the proposed expert testimony. *Id.,* 708. Due to the mandatory language in the statute, it reasoned, the Legislature must have concluded that the instruction is essential for a fair disposition of an insanity claim. *Id.*

Subsequent panels of this Court have held that the failure to properly instruct on legal insanity may be harmless error. See *People v Mazzie,* 137 Mich App 60, 66; 357 NW2d 805 (1984), aff'd 429 Mich 29; 413 NW2d 1 (1987), citing *People v Crawford,* 89 Mich App 30; 279 NW2d 560 (1979). In *Crawford,* the defendant presented an insanity defense, but was convicted of second-degree mur-

der. Although some of the jury instructions pertaining to the insanity defense were erroneous, any error was harmless, because the jury found the defendant guilty, as opposed to guilty but mentally ill. Therefore, it could not have rendered a verdict of not guilty by reason of insanity; by definition, a person must be mentally ill in order to be found legally insane. *Id.,* 36; MCL 768.21a(1); MSA 28.1052(1)(1).

Neither *Crawford* nor *Mazzie* addressed that part of § 29a(1) which mandates that trial courts instruct on legal insanity before the experts testify. See *Mikulin, supra.* Moreover, it is unclear from the opinions in those two cases whether the juries were instructed before the experts' testimony or later. Therefore, we must determine if the *Crawford* harmless error analysis should be applied where, as here, clearly no preliminary insanity instruction was given. See *People v Girard,* 96 Mich App 594, 603; 293 NW2d 639 (1980).

Prior to the expert's testimony in *Girard,* the trial court erroneously defined insanity and failed to define mental illness. *Id.,* 602. This Court indicated that it is critical to the *Crawford* harmless error analysis that the jury be properly instructed on the distinctions between mental illness and legal insanity. *Id.,* 603. The trial court also confused the concepts of mental illness and insanity in the final instructions. Due to this confusion, the Court refused to apply the harmless error analysis and reversed defendant's second-degree murder conviction. See also *People v Giuchici,* 118 Mich App 252; 324 NW2d 593 (1982).

In *Giuchici,* the trial court's preliminary insanity jury instruction was ambiguous and confusing. *Id.,* 264. However, the defendant's guilty but mentally ill, first-degree murder conviction was af-

firmed on appeal. No manifest injustice resulted by the erroneous preliminary instruction, because the insanity instructions given at the end of trial were correct and clarified any ambiguity. *Id.*, 265.

Both *Giuchici* and *Girard* recognize that "erroneous" preliminary insanity jury instructions may be harmless error. By analogy, we conclude that the failure to give any preliminary insanity jury instruction may also be harmless error. Section 29a(1) of the Code of Criminal Procedure does not prevent us from applying a harmless error analysis to the facts of this case. Normally, we reverse a conviction only if the error complained of has resulted in a miscarriage of justice. MCL 769.26; MSA 28.1096.

The trial court in this case failed to define mental illness and legal insanity prior to the experts' testimony; it properly instructed the jury on both concepts at the end of the trial. The fact that correct instructions were given coupled with defendant's failure to object may be sufficient to find the error harmless. See *Giuchici*, 265. Moreover, unlike *Girard*, the judge here properly instructed the jury at the end of the trial on the distinctions between mental illness and insanity. *Girard*, 602-603. Therefore, the *Crawford* harmless error analysis applies to this case. Our decision is influenced by the fact that the jury found defendant guilty as opposed to guilty, but mentally ill. Given that finding, it is illogical to expect that the jury could have rendered a verdict of not guilty by reason of insanity. Therefore, it was irrelevant that the distinction between mental illness and legal insanity was not explained to the jury before the experts testified. We conclude that manifest injustice did not result from the trial court's failure preliminarily to give the insanity and the mental illness jury instructions. See *Crawford*, 36;

*People v Van Dorsten,* 441 Mich 540; 494 NW2d
737 (1993).

II

Defendant was twenty-two years old when sentenced to a minimum prison term of sixty years.
He argues that the sentence violates *Moore.* We
disagree.

In determining whether a defendant has a reasonable prospect of actually serving a sentence,
the appellate court properly takes into account
possible disciplinary credits. *People v Rushlow,* 437
Mich 149, 155; 468 NW2d 487 (1991). Even without
disciplinary credits, defendant will be in his early
eighties when his minimum term ends. We are
bound by this Court's precedent which requires us
reasonably to expect that a defendant may live
into his eighties in prison. *People v Schollaert,* 194
Mich App 158, 171; 486 NW2d 312 (1991), citing
*People v Redman,* 188 Mich App 516, 518; 470
NW2d 676 (1991). Administrative Order No 1990-6,
436 Mich lxxxiv, as extended by Administrative
Order No 1991-11, 439 Mich cxliv, as extended by
Administrative Order No 1992-8, 441 Mich cxi.
Therefore, we find no violation of *Moore.*

However, defendant's sentence does violate *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).
The sentencing guidelines' recommended minimum sentence range is ten to twenty-five years in
prison. The trial court exceeded the guidelines,
saying they failed to account for defendant's prior
juvenile record or two prior similar offenses. The
trial court did not have the benefit of *Milbourn* at
the time of sentencing. *Milbourn, supra.*

Sentences within the guidelines are presumptively not excessively severe or unfairly disparate.
*People v Broden,* 428 Mich 343, 354; 408 NW2d

789 (1987). Trial courts should not depart from the guidelines, unless there are circumstances about the offense or offender not reflected there. *Milbourn*, 659-660. Even where some departure appears to be appropriate, the extent of it may constitute a violation of the principle of proportionality. *Id.,* 660.

Here, the trial court sentenced defendant to a term more than double the maximum minimum term recommended by the sentencing guidelines. As a juvenile, defendant had been placed on one-year probation for a similar offense. Defendant also admitted to Dr. Tanay that, while he was in the Navy, he had sexual activities with his girlfriend's children. These circumstances concerning the offender were not reflected in the guidelines' recommendation. *Id.,* 659-660.

Although we believe a departure from the guidelines is appropriate, we believe that such a severe departure as occurred here is unwarranted and violates the principle of proportionality. Therefore, we vacate defendant's sentence.

The conviction is affirmed. The sentence is vacated and the case remanded for resentencing.

CONNOR, J., concurred.

MICHAEL J. KELLY, P.J. *(concurring in part and dissenting in part).* I agree with the majority opinion with regard to the fact that defendant's sentence violates *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). I also agree with my colleagues that the trial court was required by statute to define mental illness and legal insanity *before* taking expert testimony on the insanity defense. MCL 330.1400a; MSA 14.800(400a); MCL 768.21a; MSA 28.1044(1). However, I disagree with the majority's harmless error analysis. I would

follow this Court's decision in *People v Mikulin,* 84 Mich App 705; 270 NW2d 500 (1978).

In *Mikulin,* this Court held that failure of the trial court to instruct concerning the question of insanity before taking expert testimony regarding the subject is error requiring reversal even without a request for such instruction. Here, the trial court failed to define mental illness and legal insanity before the experts' testimony was taken. Under the facts of this case, I cannot conclude that this error was harmless. This trial involved a "battle of the experts." Defendant's mental state was the only issue. Apparently, during deliberation the jury wanted a transcript of the testimony of defendant's expert witness. Within forty-five minutes of being told a transcript was unavailable, the jury returned its verdict. Under these circumstances, I cannot conclude that the trial court's failure to instruct concerning the question of insanity before taking expert testimony regarding the subject did not result in prejudice to defendant.

I would reverse.