PEOPLE v RUSHLOW

Docket No. 87154. Decided April 15, 1991. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgment of the Court of Appeals. Rehearing denied *post,* 1257.

John Rushlow was convicted following a bench trial in the Recorder's Court of the City of Detroit, James E. Roberts, J., of second-degree murder. The Court of Appeals, SAWYER, P.J., and BRENNAN, J. (MAHER, J., concurring in part and dissenting in part), affirmed the defendant's conviction unanimously, but affirmed his sentence by a vote of two to one (Docket No. 102130). The defendant seeks leave to appeal to consider whether his 75- to 150-year sentence violates *People v Moore,* 432 Mich 311 (1989), and whether the effect of possible disciplinary credits may be considered.

In an opinion per curiam, signed by Justices BRICKLEY, BOYLE, RILEY, and GRIFFIN, the Supreme Court *held:*

The sentence is proper and the effect of regular disciplinary credits may be considered.

1. If a judge chooses to impose a term of years rather than life imprisonment, the sentence must be one which the defendant has a reasonable prospect of actually serving. It is permissible to consider the effect of possible disciplinary credits because, absent a finding of major misconduct, inmates are credited with at least five days each month. However, a distinction must be made between regular disciplinary credits and special disciplinary credits because of their uncertainty and subjective criteria.

2. A trial court must impose a sentence that fits as precisely as possible the particular offender and the particular offense, taking into account all permissible factors. An appellate court must determine whether a sentence exceeds the outer limits of a trial court's sentencing direction. Disciplinary credits are not considered on appeal to determine what sentence a defendant should serve, but rather what sentence a defendant will serve. In this case, inasmuch as it is permissible to consider the effect of possible disciplinary credits, the defendant's 75- to 150-year sentence does not violate the principles set forth in *Moore.* The defendant has a reasonable prospect of actually serving his

sentence. He has not been given an order that is impossible to obey.

Chief Justice CAVANAGH, concurring in the result, stated that while consideration of regular disciplinary credits is not permissible to determine an appropriate sentence at the outset, such consideration is permissible for the specific, limited purpose of determining whether an otherwise appropriate sentence falls within the outer limits set by *People v Moore,* 432 Mich 311 (1989). Furthermore, it is the trial court's duty, and not merely the appellate court's, to ensure that there is compliance with the limits set by *Moore.*

Affirmed.

Justice LEVIN, writing separately, stated that neither *People v Fleming,* 428 Mich 408 (1987), nor *People v Moore,* 432 Mich 311 (1989), requires that disciplinary credits be ignored in deciding whether it is reasonably possible for a defendant to serve a particular indeterminate sentence. In this case, the 75- to 150-year sentence nevertheless violates both *Fleming* and *Moore.* No basis is offered for the conclusion that the defendant reasonably may be expected to live to eighty-seven, and thus *Moore* was violated. The only rational reason for imposing a sentence as long as seventy-five years would be to assure that the defendant would not be eligible for parole by reason of disciplinary credits before the age of eighty-seven, thus violating *Fleming.*

Justice MALLETT took no part in the decision of this case.

179 Mich App 172; 445 NW2d 222 (1989) affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly* for the defendant.

PER CURIAM. The twenty-six-year-old defendant[1] was sentenced to serve a prison term of from 75 to 150 years for second-degree murder. The issue is whether the sentence violates the principles of *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989), and whether possible disciplinary credits

[1] The defendant's date of birth is September 5, 1960.

may be considered when applying those principles. We hold that the sentence is proper, and that regular disciplinary credits may be considered.

I

The defendant was charged with first-degree murder[2] in connection with the October 1986 stabbing death of a topless dancer at a lounge in Van Buren Township, Wayne County. At the conclusion of a bench trial in the Recorder's Court of the City of Detroit, he was found guilty of second-degree murder.[3]

The Court of Appeals unanimously affirmed the defendant's conviction, but affirmed his sentence by a two to one vote. 179 Mich App 172; 445 NW2d 222 (1989).

The defendant filed a letter request for review with this Court, pursuant to former MCR 7.303. We directed that counsel be appointed to file an application for leave to appeal on the defendant's behalf, and that counsel discuss whether the defendant's sentence violates the principles stated in *Moore, supra,* and whether possible disciplinary credits may be considered when applying those principles.[4]

II

The offense of second-degree murder is punishable by imprisonment for life or for any term of years less than life. The choice is entrusted to the

_____

[2] MCL 750.316; MSA 28.548.

[3] MCL 750.317; MSA 28.549.

[4] We decided *Moore* while this case was pending in the Court of Appeals. Thus, although the Court of Appeals discussed our holding, the defendant did not address it in his appellate brief. In filing his letter request in this Court, he relied on the brief submitted to the Court of Appeals.

discretion of the trial court. See MCL 750.317;
MSA 28.549, and *Moore, supra* at 319.

This Court held in *Moore* that if a judge chooses
to impose a term of years rather than life impris-
onment, the sentence must be one which the de-
fendant "has a reasonable prospect of actually
serving." *Id.* at 329. We explained that a sentence
is invalid if it has the effect of keeping a defendant
in prison for life and of precluding parole consider-
ation.

The thirty-four-year-old defendant in *Moore* had
been sentenced to serve from 100 to 200 years in
prison. We observed that the sentence was, in
effect, a "nonparolable" sentence, which neither
the Legislature nor the people of this state had
authorized for the offense of second-degree murder.
We further said that the sentencing judge had
abdicated his discretion by entering an order that
was impossible for the defendant to obey.

In remanding for resentencing in *Moore,* this
Court declined to place a rigid cap on term-of-
years sentences imposed under the indeterminate
sentencing act.[5] We also declined to require the
trial court to make a factual determination of the
defendant's actual life expectancy. We noted:

> Otherwise, the trial court would not only find
> itself evaluating a defendant's actual state of
> health, but would find itself reviewing the life
> expectancies of demographic subgroups, family
> health histories, and behavioral risks of acquiring
> certain illnesses, such as cancer and heart disease.
> [*Moore, supra* at 329.]

Instead, we merely directed the trial court to
fashion a sentence that the thirty-four-year-old
defendant in *Moore* had a reasonable prospect of
actually serving.

[5] MCL 769.9(2); MSA 28.1081(2).

III

In concluding that the prison sentence imposed in the instant case was proper under *Moore,* the Court of Appeals took into account the possible effect of disciplinary credits on the defendant's sentence.[6] In so doing, the majority distinguished a 1987 case in which this Court held that a judge may not enhance a sentence on the basis of the likelihood that a defendant will receive disciplinary credits:

Although it is generally impermissible to consider the effects of disciplinary credits in sentencing, *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987), we believe that the appropriate determination of the maximum permissible sentence under *Moore* is whether the defendant can be reasonably expected to serve the minimum sentence less disciplinary credits. First, we do not believe that this violates *Fleming,* as *Fleming* considered the propriety of the consideration of disciplinary credits in enhancing a sentence. *Fleming, supra* at 428. Here, the disciplinary credits are not being considered to enhance a sentence, but merely to determine the outside range of the trial court's discretion in sentencing in light of *Moore.* Second, the majority decision in *Moore* required that an indeterminate sentence be one which the defendant "has a reasonable prospect of actually serving," *Moore, supra* at 329, and that the defendant eventually come within the jurisdiction of the

[6] The matter of disciplinary credits is governed by MCL 800.33; MSA 28.1403. The credits are applied to the minimum and maximum sentences that an inmate is serving, making the inmate eligible for parole sooner than otherwise would be the case. No credit is awarded during a month when an inmate is found guilty of major misconduct. Further, upon review of the inmate's institutional record, the warden may order that an inmate found guilty of such major misconduct as inciting to riot forfeit all or a portion of the inmate's accumulated disciplinary credits. Forfeited credits may be restored by the warden at a later date, upon review and recommendation of the disciplinary credit committee.

Parole Board, see *id.* at 322. The *Moore* decision does not require that the defendant actually be paroled or fully serve the maximum sentence imposed. Since it is possible to earn disciplinary credits, it is possible for a defendant to earn those credits and become eligible for parole within his lifetime, even if it were not possible for him to serve either the minimum or maximum actually imposed without earning those credits. Finally, the majority in *Moore* did note that the accumulation of disciplinary credits by the defendant in *Moore* would not cause his minimum sentence to expire before the end of his life, though it is not clear whether the *Moore* Court was using that as the yardstick to measure the validity of the defendant's sentence. *Id.* at 322, n 18. [179 Mich App at 180-181.]

The Court of Appeals concluded that the defendant's prison term of from 75 to 150 years did not violate *Moore* because it was reasonably possible for him to serve:

[D]efendant was twenty-six years old at the time of sentencing and, according to his brief, he must serve at least sixty years, nine months and seven days before becoming eligible for parole, taking into account all possible disciplinary credits. Defendant would thus be approximately eighty-seven years old when he could first become eligible for parole. We hold that it is reasonably possible for defendant to earn the necessary disciplinary credits and be paroled at the age of eighty-seven. Furthermore, we believe that it is reasonably possible for defendant to live to the age of eighty-seven. Accordingly, we hold that it is reasonably possible for defendant to serve his sentence and, therefore, the sentence imposed is valid under the *Moore* doctrine. [*Id.* at 181.]

The dissenting judge said that consideration of

possible disciplinary credits violates the spirit, if not the letter, of both *Moore* and *Fleming*.

## IV

We agree with the Court of Appeals that it is permissible to consider the effect of possible disciplinary credits. Indeed, given the fact that inmates are credited for at least five days each month, absent a finding of major misconduct, it is somewhat misleading to refer to these credits as "possible."[7]

A distinction must be made, however, between regular disciplinary credits and "special" disciplinary credits. Each inmate automatically is credited with five days each month, absent a finding of major misconduct. In addition, each inmate may be given an additional credit of two days each month for good institutional conduct, upon the recommendation of the disciplinary credit committee and with the warden's consent. The statute appears to contemplate awarding these special credits on an ad hoc basis. There is no record evidence that it is otherwise applied, therefore, we decline to approve consideration of the effect of

---

[7] Most prison inmates in this state are given a disciplinary credit of five days each month. See MCL 800.33(3), (5); MSA 28.1403(3), (5). In addition, they may receive "special" disciplinary credit of two days each month for good conduct. As discussed in n 6, no credit is awarded for a month in which there is a finding of major misconduct, and the warden may order a forfeiture of credits previously accumulated if the inmate is found guilty of such major misconduct as inciting to riot.

This formula applies to persons who committed crimes on or after April 1, 1987, and to persons serving a sentence for a Proposal B offense on December 30, 1982, or were incarcerated for a Proposal B offense after December 30, 1982, i.e., those offenses listed in MCL 791.233b; MSA 28.2303(3). A different formula applies to inmates who do not fit these categories. See MCL 800.33(2); MSA 28.1403(2).

Although the crime in the instant case was committed prior to April 1, 1987, the defendant is governed by the formula set forth in MCL 800.33(5); MSA 28.1403(5) because second-degree murder is a Proposal B offense, and he was incarcerated after December 30, 1982.

special credits in determining whether a sentence violates the principles set forth in *Moore.*

We also agree with the Court of Appeals that *Fleming* is distinguishable. There, we held that it is improper for a judge to consider the effect of disciplinary credits in determining what sentence to impose. We reasoned that it would frustrate legislative intent to circumvent or nullify the sentence-reduction act by taking away disciplinary credits in advance. We also said that it would be inconsistent with the sentencing guidelines, and would give rise to basic unfairness.

In the instant case, there are no such dangers. A trial court's duty is to impose a sentence that fits as precisely as possible the particular offender and the particular offense, taking into account all permissible factors. An appellate court's duty, however, is to determine whether a sentence exceeds the outer limits of a trial court's sentencing direction. In other words, disciplinary credits are not considered on appeal to determine what sentence a defendant *should* serve, but rather what sentence a defendant *will* serve. The distinction is subtle, but significant.

Inasmuch as it is permissible to consider the possible effect of disciplinary credits, we agree with the Court of Appeals that the defendant's 75- to 150-year sentence does not violate the principles set forth in *Moore.* The deficiencies that were present in *Moore* are not present here.[8] The defendant has a reasonable prospect of actually serving his sentence. He has not been given an order that is impossible to obey.

---

[8] We observed by footnote in *Moore* that even if possible disciplinary credits were considered, the minimum sentence imposed in that case would not expire prior to the end of the defendant's life. 432 Mich 322, n 18.

V

Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals.

We do not retain jurisdiction.

BRICKLEY, BOYLE, RILEY, and GRIFFIN, JJ., concurred.

CAVANAGH, C.J. I concur in the result reached by the Court in this case, and I am in general agreement with the reasoning of the per curiam opinion that while consideration of regular disciplinary credits is not permissible in determining an appropriate sentence at the outset, see *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987), such consideration is permissible for the specific, limited purpose of determining whether an otherwise appropriate sentence falls within the outer limits set by *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989). As the per curiam notes, see *ante,* p 156, n 8, *Moore* itself plainly presaged this result by noting that "[a]ccumulating disciplinary credits will not cause [the defendant's] minimum sentence to expire prior to the end of [his] life." 432 Mich 322, n 18. I note, finally, that it goes without saying that it is also the *trial* court's duty, not merely the "appellate court's duty," cf. *ante,* p 156, to ensure that the limits set by *Moore* are complied with.

LEVIN, J. *(separate opinion).* I agree with my colleagues that neither *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987), nor *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989), require that disciplinary credits be ignored in deciding whether, having in mind the defendant's age,

it is reasonably possible for the defendant to serve a particular indeterminate sentence.

The rule stated in *Fleming*, that a judge may not "*consider* the effect of disciplinary credits in determining what sentence to impose"[1] (emphasis added) does not in terms bar a judge from in fact imposing a sentence that, because of its length, is likely to preclude the defendant from obtaining the benefit of disciplinary credits. Similarly, *Moore*, in requiring that the sentence not be longer than it is reasonably possible for a defendant to serve, does not bar a judge from imposing a sentence that it is reasonably possible for the defendant to serve although it is likely that the length of the sentence will preclude the defendant from obtaining the benefit of disciplinary credits.

Nevertheless, the 75- to 150-year sentence imposed in the instant case violated both *Fleming* and *Moore*.

A

The majority states that Rushlow "has a reasonable prospect of actually serving"[2] a sentence of 75 to 150 years. Rushlow was, as set forth in the opinion of the Court of Appeals, twenty-six years old at the time of sentencing. The Court of Appeals said that, according to Rushlow's brief, "he must serve at least sixty years, nine months, and seven days before becoming eligible for parole, taking into account all possible disciplinary credits," and would thus be "approximately eighty-seven years old when he could first become eligible for parole." *People v Rushlow*, 179 Mich App 172, 181; 445 NW2d 222 (1989).

Neither the Court of Appeals nor the majority

---

[1] *Ante*, p 156.

[2] *Ante*, p 156.

in this Court states on what basis it has been concluded that it is reasonably possible for Rushlow to live to the age of eighty-seven years in state prison. The record is silent concerning the longevity of prisoners. There is no basis, however, for concluding, on the basis of what anecdotal evidence we have of the food, shelter, medical care, safety, and ambience in state prison, that prisoners have a greater life expectancy than the populace at large.

Unless this Court focuses on what constitutes a sentence it is reasonably possible for a defendant to serve, and declares a limitation that makes meaningful the concept that the sentence should not exceed a sentence that it is reasonably possible for a defendant to serve, *Moore* is eviscerated.

This application arrived as a request for review.[3] This Court ordered that a lawyer be appointed to brief the issues whether the defendant's sentence "violates the principles stated" in *Moore,* and whether "the possibility of disciplinary credits should be considered when applying those principles." These issues are of little or no importance, either to the people, Rushlow, or anyone else, and are essentially academic, if, in assessing whether it is reasonably possible for a defendant to serve a sentence, the sentencing judge and the Court of Appeals may or must proceed on the assumption that the defendant has a life expectancy in state prison of eighty-seven years.

**B**

Even if a minimum sentence of seventy-five years does not violate *Moore,* it violates *Fleming.* The only rational reason for imposing a sentence

---

[3] MCR 7.303, Review in Indigent Criminal Cases, rescinded 434 Mich cxlviii (1990).

as long as seventy-five years is to assure that Rushlow would not be eligible for parole before he is eighty-seven, and thus to assure that he is not, because of disciplinary credits earned, considered for parole at an earlier date. Since that is the only rational reason for imposing such a sentence, the Court of Appeals and this Court should infer that the sentencing judge so sentenced the defendant for that reason, rather than to infer that he did so for an irrational reason or no reason at all. Drawing that rational inference, I conclude that the sentencing judge violated *Fleming* by considering the effect of disciplinary credits in determining the sentence that was imposed,[4] and would remand the case for resentencing.

C

The statute, as distinguished from *Fleming* and *Moore,* may bar a judge from imposing a sentence that is likely to preclude a defendant from obtaining the benefit of disciplinary credits. The statute provides that all prisoners "shall be eligible to earn" disciplinary credits.[5] If the length of the sentence makes it unlikely that the defendant will obtain the benefit of disciplinary credits, the length of the sentence may deprive the defendant of a right conferred by the statute entitling him to "earn" disciplinary credits. That issue has not been briefed or argued. It would be appropriate for the Court to consider that issue were it to be duly presented.

MALLETT, J., took no part in the decision of this case.

---

[4] Since a judge may not, consistent with *Fleming,* consider the effect of disciplinary credits, the sentencing judge imposed a sentence that would postulate that the twenty-six-year-old defendant would live until he was at least 101 years old.

[5] MCL 800.33(3); MSA 28.1403(3).