PEOPLE v BELL

Docket No. 125285. Submitted June 5, 1991, at Grand Rapids. Decided
    July 23, 1991, at 9:05 A.M. Leave to appeal sought.

    Nathaniel Bell was convicted, following a bench trial in the
        Recorder's Court for the City of Detroit, M. John Shamo, J., of
        one count of second-degree murder, four counts of first-degree
        criminal sexual conduct, and one count of assault with intent
        to commit great bodily harm less than murder. He was sen-
        tenced to forty-five to ninety years in prison for the murder and
        criminal sexual conduct convictions and to six to ten years in
        prison for the assault conviction. The defendant appealed by
        leave granted.

    The Court of Appeals *held:*

    1. The record supports a reasonable inference that the defen-
        dant was armed with a weapon during each of the four sexual
        assaults. The evidence supports four convictions of first-degree
        criminal sexual conduct.

    2. The forty-year-old defendant's forty-five-year minimum
        sentence does not violate the sentencing principles set forth in
        *People v Moore,* 432 Mich 311 (1989).

    Affirmed.

    MICHAEL J. KELLY, P.J., concurring, stated that although
        *People v Rushlow,* 437 Mich 149 (1991), compels affirmance in
        this case, *Rushlow* cannot be reconciled with *Moore* and should
        be revised.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Jeffrey Ca-
minsky,* Assistant Prosecuting Attorney, for the
people.

*Michael C. Hidalgo,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and MURPHY
and NEFF, JJ.

Per Curiam. Following a bench trial, defendant was convicted of one count of second-degree murder, MCL 750.317; MSA 28.549, four counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and one count of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279. For the murder and criminal sexual conduct convictions, defendant was sentenced to forty-five to ninety years in prison, and for the assault conviction, he was sentenced to six to ten years in prison. Defendant appeals by leave granted, and we affirm.

Defendant first argues that the evidence supports only convictions of third-degree criminal sexual conduct with respect to two of the four sexual conduct convictions. We disagree and find that the record supports a reasonable inference that defendant was armed with a weapon during each of the four sexual assaults.

Defendant's second claim is that his sentence exceeds his life expectancy. Defendant was forty years old at the time of sentencing. We, however, do not find defendant's forty-five-year minimum sentence to be violative of the principles set forth in *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989). See *People v Rushlow,* 437 Mich 149; 468 NW2d 487 (1991).

Affirmed.

Michael J. Kelly, P.J. *(concurring).* I concur because I am compelled to by the Supreme Court's decision in *People v Rushlow,* 437 Mich 149; 468 NW2d 487 (1991). However, Court of Appeals opinions as well as Supreme Court opinions that have postulated extreme longevity for imprisoned defendants have done so intuitively and are very likely to be wrong. (Given our ignorance of the vital statistics, I suggest that ripe old age is the least

plausible assumption.) Believing that *Rushlow* cannot be reconciled with *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989), see *People v Mayfield,* 182 Mich App 282; 451 NW2d 583 (1990), revisitation and revision of *Rushlow* is anticipated. Hopefully.