PEOPLE v TYSON (AFTER REMAND)

Docket No. 128833. Submitted June 15, 1992, at Detroit. Decided April 5, 1993, at 9:10 A.M.

Craig G. Tyson was convicted in the Detroit Recorder's Court, Leonard Townsend, J., of first-degree criminal sexual conduct and assault with intent to commit murder, and was sentenced to concurrent prison terms of 150 to 300 years. The Court of Appeals, Gribbs and R.R. Lamb, JJ. (Shepherd, P.J., dissenting in part), affirmed in an unpublished opinion per curiam, decided March 25, 1988 (Docket No. 86431). The Supreme Court, in lieu of granting leave to appeal, reversed in part, vacated the sentences, and remanded the case to the Recorder's Court for resentencing in accordance with *People v Moore*, 432 Mich 311 (1989). 433 Mich 852 (1989). On remand, the Recorder's Court orally resentenced the defendant to 75 to 100 years for the assault conviction and to 75 to 150 years for the criminal sexual conduct conviction. However, conflicting orders issued by the Recorder's Court indicated that the sentences were both either 75 to 150 years or 75 to 100 years. The Court of Appeals, retaining jurisdiction, granted the defendant leave to appeal and, in an unpublished opinion per curiam, decided September 24, 1992 (Docket No. 128833) by Jansen, P.J., and Corrigan J. (Michael J. Kelly, J., dissenting), remanded to the Recorder's Court for clarification of the maximum sentences and articulation of the reasons for departure from the ranges recommended by the sentencing guidelines. On second remand, the Recorder's Court resentenced the defendant to terms of 66 to 100 years, but issued an amended judgment of sentence providing for terms of 75 to 150 years.

After remand, the Court of Appeals *held:*

1. The sentences of 66 to 100 years do not violate the two-thirds rule of *People v Tanner,* 387 Mich 683 (1972).

2. The Recorder's Court articulated sufficient reasons for the sentences imposed.

3. Remand is required for correction of the amended judgment of sentence so that it accurately reflects that sentences of 66 to 100 years were imposed on October 16, 1992.

Affirmed and remanded.

MICHAEL J. KELLY, J., dissenting, stated that the sentences are inappropriate and markedly disparate from a codefendant's sentence of twenty-five years' imprisonment for the same criminal acts and that the case should be remanded for resentencing by a different judge.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Ernest O. Hornung,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P.E. Bennett*), for the defendant on appeal.

### AFTER REMAND

Before: JANSEN, P.J., and MICHAEL J. KELLY and CORRIGAN, JJ.

JANSEN, J. On September 24, 1992, this Court issued its opinion in this matter remanding the case to the trial court for "clarification of the maximum sentence imposed upon defendant, and for articulation, both on the record and on the SIR, of reasons supporting the departure from the recommended guidelines range." We retained jurisdiction for these purposes only.

On remand, the trial court resentenced defendant to terms of 66 to 100 years. These sentences do not violate the two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). Additionally, the trial court articulated sufficient reasons for the sentences imposed. *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987); *People v Johnson,* 187 Mich App 621; 468 NW2d 307 (1991).

However, we note that the amended judgment of sentence provides for each of the crimes a sentence

of 75 to 150 years. Additionally, the amended judgment indicates that defendant was sentenced on "8-22-89." Because the amended judgment of sentence does not reflect the actual sentences imposed on resentencing, we remand the case to the trial court for the entry of a corrected amended judgment of sentence reflecting that on October 16, 1992, the trial court sentenced defendant to terms of 66 to 100 years' imprisonment. In all other respects, we affirm.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

Corrigan, J., concurred.

Michael J. Kelly, J. *(dissenting)*. This case has a torturous history. There is still confusion with respect to the sentence for first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). On October 16, 1992, the sentencing court issued a "clarification of sentence" in which it purported to deal with our September 24, 1992, remand order. The court stated:

> Okay. I was going by the letter of their order and the order was really to me. Because according to the sentencing where he was given 75 to 100 years, they ruled that the 75 to 100 years violated the two-thirds minimum-maximum. It has to be more than two-thirds gap in between the two. That was all they said.
> So, something has to be changed, so the court will—intended the maximum in this case to be a hundred (100) years. So, therefore, the minimum has to be sixty-six (66) and two-thirds (⅔) years. So that clears up that part of the court's order. Sixty-Six and two thirds to a hundred (66⅔-100).

However, the judgment of sentence and commitment to the corrections department (form No. CC

219b 86/91) is attached as an addendum and orders sentence on each charge for a term of 75 to 150 years. I would order, at the very least, a remand for entry of judgment for the criminal sexual conduct conviction of a term of 66⅔ to 100 years' consistent with the sentencing transcript.

I do not disagree with anything the trial court said on remand, including the admonition for my inappropriate phraseology. However, this problem of disparate sentencing practices does not go away. In his concurring and dissenting opinion in this case, released on March 25, 1988, Judge SHEPHERD stated:

> As to the sentence, my views are adequately expressed in *People v Moore,* 164 Mich App 378 [417 NW2d 508] (1987). In that case I emphasized that the opinion was based on statutory interpretation, not on whether my conscience was shocked. In the instant case, the defendant deserves a sentence of life without parole and if such a sentence were authorized by law, I would want to see it imposed. As I stated in *Moore,* I and four Justices of the Supreme Court (albeit in dicta) do not believe that current law permits this sentence to stand.

Here we have a codefendant doing twenty-five years, guilty of the same criminal acts as this defendant, while this defendant is sentenced to a minimum of 66⅔ years, which the majority has affirmed. Defendant was twenty-eight years of age at the time of his sentencing. Using gross numbers without attempting to analyze credits, which is another unremitting problem, defendant will have to live to be 103 to expect to see any life at all beyond bars. All of us who have passed on his sentence will have been long since dead. What he will look like, act like, and think like at 75 or 80

or 85 or 90 or 100, we have no way of knowing, but our dead hands will have taken the keys with us. That is if he lives beyond the average male life expectancy, which I understand is seventy-two.

I respectfully disagree with the majority, and I disagree with the trial court; and if I could, I would disagree with the Supreme Court opinion in *People v Rushlow,* 437 Mich 149; 468 NW2d 487 (1991). It is inappropriate by any standard to continue to enforce sentences mandating death in prison by any reasonable sane analysis when the crimes for which the defendants have been convicted are not first-degree murder, and hence are not sanctionable by hard life in prison. I suggest that the appropriate sentence for each of these crimes is life, subject to possible parole after the legislatively mandated appropriate period within the reviewing structures of the parole board.

I would remand for resentencing before a different judge.